F. W. ANDERSON, TAX COLLECTOR, v. W. K. INGERSOLL.

1. TAX ASSESSMENT. *Action of supervisors. Remedy of aggrieved taxpayer.*

The remedy of a taxpayer aggrieved by the action of a board of supervisors in increasing the assessment of his property is by an appeal to the circuit court under ¿ 504 of the Code of 1880, and failing to pursue this course, he cannot obtain relief in a court of chancery.

2. SAME. *Reduction by supervisors. Section 507, Code 1880, construed.*

Section 507 of the Code of 1880 provides that "in case of the destruction or deterioration in value of any real estate by any casualty, or in case of over-assessment, known to be such, the board of supervisors shall have power, at any time, on application of a party interested or otherwise, to reduce the assessment to the value of the property." A board of supervisors has no power, under this statute, to reduce, *in solido*, the assessment of all, or of a particular class, of the lands of the county. The power which it confers is confined to individual assessments.

APPEAL from the Chancery Court of Issaquena County.

HON. W. G. PHELPS, Chancellor.

W. K. Ingersoll filed the bill in this case against F. W. Anderson, sheriff and tax collector of Issaquena County, to obtain an injunction restraining the defendant from collecting certain taxes claimed by him as due for the year 1883 upon a tract of land in the county named, belonging to the complainant. The grounds mainly relied upon in the bill for the relief sought are, (1) that the board of supervisors of the county at its regular meeting in August, 1883, by an irregular and illegal proceeding increased the assessment of complainant's land, and (2) that the defendant refuses to recognize the validity of an order made by that board in November, 1883, whereby the assessment of complainant's land was reduced twenty per cent. That order is in the following language:

" In the matter of the reduction of taxes on real estate in Issaquena County:

" This matter coming on to be heard, upon the petition of the taxpayers of said county praying for reduction of the valuation of said real estate on account of over-assessment, as provided for in § 507 of the Revised Code of 1880, and the board having duly considered the same, doth order that the assessment of real estate in

Issaquena County be and the same is hereby reduced twenty per cent. from the valuation as formerly made by this board on open, cane, and wood land, as contained in the assessment rolls certified to the auditor and sheriff for the year 1883, and that the clerk of this board procure forthwith blank copies of land assessment rolls and make out and certify to said auditor and sheriff a copy of each of the land rolls of said county at said rate of reduction, with a copy of this order attached to the certificate, to be furnished by said clerk."

The defendant answered, averring that the action of the board of supervisors increasing the assessment of complainant's land was regular and legal, and that the order above recited was illegal and void. But at the hearing the court rendered a decree recognizing that order as valid, allowing the complainant to pay his taxes accordingly, and restraining the defendant from collecting any more than would be due after the reduction of the assessment as provided in the order. From that decree the defendant appealed.

*Jeffords, Jeffords & Yerger,* for the appellants.

The action of the board of supervisors in raising the valuation of property listed for assessment and taxation is conclusive, and, like the judgment of any other court, is good until set aside or reversed. 3 S. & M. 529; Ib. 695; 28 Miss. 38; 49 Miss. 404; 35 Miss. 385.

The proper and only remedy is by appeal to the circuit court, as provided in § 504 of the Code of 1880.

The order of the board of supervisors reducing the assessed valuation on all open, cane, and wood lands in Issaquena County twenty per cent., and under which the chancery court permitted complainant to pay his said taxes on all of his open, cane, and wood lands is void for many reasons.

No counsel for the appellee.

COOPER, J., delivered the opinion of the court.

If the appellee was aggrieved by the action of the board of supervisors in increasing the assessment of his property he should have appealed to the circuit court, as he was permitted to do by

§ 504 of the Code of 1880. The board had jurisdiction of the matter on which its action was taken, and any error committed in its exercise was correctible by appeal; the appellee, having failed to avail himself of the remedy provided by the statute, cannot invoke the aid of the chancery court. *Johnson* v. *Bond,* MS. opinion, Book L, 278.

Section 507 of the code authorizes the boards of supervisors in the various counties to increase or reduce the assessment of the property of individuals in the states of case therein enumerated, but this does not include the power of reducing or increasing the assessment of all the property in the county or of all the lands in the county on the application of taxpayers generally; action, when taken, must be confined to the increase or reduction in reference to individual assessments as distinguished from those of the county at large.

The order made by the board at its November term reducing the valuation of all lands in the county twenty per cent. was without authority of law and void.

The complainant has shown no grounds for relief, and his bill should have been dismissed.

*The decree is reversed and cause remanded.*