SOUTHERN MOTOR EXPRESS CO. *v.* MAGEE TRUCK LINES, INC.

(Division B.    Dec. 13, 1937.    Suggestion of Error overruled March 7, 1938.]

[177 So. 653.    No. 32935.]

W. B. Fontaine, of Jackson, for appellant.

Robertson & Robertson, of Jackson, for appellee.

Argued orally by **W. B. Fontaine** for appellant and by **Stokes V. Robertson** for appellee.

**Griffith, J.,** delivered the opinion of the court.

The sole question for decision in this case is whether a corporation chartered, organized, and domiciled in another state, but which has been domesticated in this state by full compliance with sections 4160-4162, Code 1930, is subject to attachment in the courts of this state as a nonresident.

The precise question has not been directly decided in this state, or in any other state having domestication statutes of exactly the same provisions as contained in ours, so far as cited by counsel or which we, on our part, have been able to find. But we think the difficulty can be solved upon two considerations.

Whatever may be the full import of the domestication statutes, we think it may be safely said that they do not operate to make two separate and distinct corporations. The foreign corporation domesticated here still remains one corporation, and it must, therefore, have its domiciliary residence in one state and not in both. Thus, it seems the more reasonable to ascribe that residence to the original state which above others has visitorial and supervisory powers over it, as well as the final authority to dissolve it.

Under the ruling of the Supreme Court of the United States in Southern Ry. Co. v. Allison, 190 U. S. 326, 23

S. Ct. 713, 47 L. Ed. 1078, and others of like import, it is definitely established that a domesticated foreign corporation may remove to the federal court an action brought in the state of the domestication on the ground that it is a resident of the state of its original incorporation. If, then, we were to hold that a domesticated foreign corporation could not be attached in this state as a nonresident because domesticated under our statutes, the result would be that in a case involving less than $3,000, the corporation could have an attachment dismissed on the ground that it is a resident in this state, and in another case pending in the same court, and on the same docket, but involving more than $3,000 the corporation could remove it to the federal court on the allegation and ground that it is a nonresident of this state. Certainly, it cannot be a resident in one case and a nonresident in another; and since its status as a nonresident in removal cases is established beyond our control, we must, in the interest of procedural consistency, hold that for all jurisdictional purposes, state and federal, the domesticated corporation remains still a resident of the state of its original incorporation, and in consequence a nonresident of this state and subject to attachment as such.

Reversed and remanded.