FLOREEN *v.* SAUCIER *et al.*

(In Banc.   Oct. 14, 1946.)

[27 So. (2d) 557.   No. 36095.]

J. F. Galloway, of Gulfport, for appellant.

430

Geo. R. Smith and Mize, Thompson & Mize, all of Gulf-
port, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

Appellant filed in the Chancery Court of Harrison County his original bill of complaint against appellees, J. K. Saucier and W. B. Lundy, praying for a decree canceling

the forfeited land tax patent to certain lands obtained by the said J. K. Saucier, from the State of Mississippi, as a cloud upon his title to the lands in Harrison County; also for a writ of possession and an injunction against "turpentining the trees thereon, or otherwise interfering with your complainant, in the full and complete enjoyment of said land." Appellant later amended the original bill by making appellee Saucier a party defendant as trustee for the heirs of Philip Saucier, to whom, it was averred, the United States Government issued a patent, "conveying said land in confirmation of a French or Spanish claim," said Philip Saucier having died in 1820.

This amendment also contained this averment: "Complainant further shows unto the court, that he and his predecessors in title and right, have paid collectively, all of the taxes, which has been due and payable, lawfully, levied upon said land, from 1931 up to the present time, and that the total amount so paid for said taxes on said land, amount to more than Six Hundred ($600.00) Dollars, leaving out of consideration, the accrued interest, costs and damages arising thereby, which is however claimed, in the alternative, if title should be held invalid." Appellant further amended his original bill, complaining that appellee Saucier procured a patent from the State Land Office to said lands, and was asserting a pretended claim of title to said land thereunder; which patent was illegal and void, and cast a cloud on the title of complainant to said lands.

The other issues involving damages for cutting and turpentining trees by appellee Lundy, a grantee of Saucier, need not be discussed, as to do so would only unduly prolong this opinion. Saucier filed answer categorically denying the adverse averments of the complaint, and affirmatively setting out the various steps leading to the issuance to him, as an heir of Philip Saucier and as trustee for his heirs, of the forfeited land tax patent by the State of Mississippi on January 31, 1941, pursuant to application and payment for same. The land involved

in this suit and granted by the challenged State patent, was sold to the State in 1933 for default in payment of the 1932 taxes thereon. The Chancery Court at the conclusion of the testimony offered on behalf of the appellant, rightfully sustained a motion by appellees to exclude it all and enter a decree for them. Additional discussion of that phase of the case would not be of general interest to the bench and bar, and we will, therefore, forego doing so.

However, there was an agreement in the record, as follows: "It is agreed by the complainant and parties defendant that the defendants, in their supplementary answer, have raised the question of lack of necessary parties defendant, and have given in their answer reference to the court records and books and pages of the deed records where these names may be obtained, and that by agreement that issue will be heard by the court in connection with the other issues involved in this suit, and that the defendants do not waive that question about proceeding to the hearing of the other issues, and that the court will rule on that question at the conclusion of the hearing of evidence on the other issues." Upon the court's sustaining appellee's (defendant's) motion, supra, the appellees, defendants below, requested the court "to pass upon the question of whether the complainant should be permitted to proceed further until all of said Saucier heirs have been made parties hereto and are in court." The further procedure, as we understand the record, concerned the refund of taxes and amounts paid for purchase of the land by appellant and his predecessors in title. In this connection, the Chancery Court embraced this provision in the final decree: "except as to complainant's claim for amounts paid by the purchaser of the land involved at the tax sale referred to in the Bill of Complaint and sums paid as taxes on said land and expenses and interest; the court reserves jurisdiction of said cause for the purpose of hearing further evidence and adjudicating the amounts, if any, entitled to be recovered by complainant therefor. Whereupon the said defendants called upon

the court to rule upon their objection that complainant should not be allowed to proceed further with this suit until the heirs of Philip Saucier are made parties hereto and are properly served with process, as raised by defendants in their supplementary answer herein and upon which ruling was reserved by agreement of the parties dictated in the record at the commencement of the hearing hereof; and the court finding that said objection is well taken and should be sustained and that the said heirs of Philip Saucier are necessary and indispensable parties to any further proceedings herein; it is therefore Ordered, Adjudged And Decreed that complainant proceed .no further in this cause until the said heirs of Philip Saucier are made parties hereto and served with process as provided by statute.'' This complainants refused to do, and were granted an appeal here

The record contains an affidavit by the solicitor of appellant, complainant below, sworn, however, in his personal capacity. This affidavit sets up, among other things, that the heirs of the original grantee, Philip Saucier, now number about 1500, a greater portion of whom were unknown to him or to appellant; and that approximately five hundred of them resided in Mississippi, but their names and post office addresses were unknown to affiant and complainant (appellant) after reasonable, diligent search therefor; that the signers of the agreement whereby Saucier was made trustee constituted only about a fourth of them; that some were minors, whose names, places of residence and guardians were unknown, and could not be ascertained except at large and unreasonable expense and cost; and that process upon the Mississippi heirs would cost approximately the value of the land in controversy; ''leaving out of consideration the recovery of the taxes paid by complainant upon said land, and or his predecessors in title.'' We think in ruling that complainant be not permitted to proceed further until all the heirs of Philip Saucier, deceased, were brought into court by process, the Chancery Court was in error

under the Numerous Party Rule. Since, in our judgment, the case must be reversed and remanded because of disregard of this rule, we will confine our discussion to it.

Griffith's Mississippi Chancery Practice, Art. 106, treating the Numerous Party Rule, as an exception to the general·rule prescribing that all persons mutually interested ought to be made parties, said: ''Another (exception to the general rule) is that occasionally the parties are so numerous if all were required to be brought in it would be equivalent to denying the suit.'' The author cites McPike v. Wells, 54 Miss. 136; Boisgerard v. Wall, Smedes & M. Ch. 404; and Coulson v. Harris, 43 Miss. 728.

21 C. J., Equity, sec. 293, page 292, 30 C. J. S., Equity, sec. 145, p. 582, defines the Numerous Party Rule as follows: ''The application of the doctrine of representation in another well defined and well established class of cases is based on the mere number of persons interested in the suit. Where persons interested in obtaining the relief sought are very numerous, one or more may sue on behalf of himself or themselves and all others of the same class who may choose to come in, and generally where the persons whose joinder would be required under a strict application of the general rule are very numerous, it is sufficient to bring before the court as parties on the record enough fairly to represent every class of interests. This equitable rule also prevails in code practice.''

The case of McPike v. Wells, 54 Miss. 136, cited by Griffith's Mississippi Chancery Practice, is also cited under the announcement of the rule, supra, in Corpus Juris. This Court said in that case: ''It has always been a principle of the Court of Chancery in England and in this country, that all persons interested in the litigation should, if practicable, be brought before the court. That rule has always been recognized as obligatory on the Federal courts. The only relaxations of it are where parties are very numerous, in which case some may sue on behalf of all. The case becomes a representative suit for or against a few who represent the many having a

like common interest. Another is where the process cannot reach a particular person, who resides beyond the jurisdiction; yet if · the court can decide between the litigants before it, and do them justice, it will go on to final decree. Elmendorf v. Taylor, 10 Wheat. 152, 168, 6 L. Ed. 289.''

The Numerous Party Rule is an exception to the general rule, and is available only in courts of equity. ''The equity doctrine of representation, under which it is within the power of equity to name as defendants in certain classes of cases a few individuals who are in fact the representatives of a large class having a common interest or a common right too large to be brought into court by a service upon the individuals composing the class, has no application in an action at law.'' 47 C. J., sec. 139, Parties, page 66.

Appellee does not deny the rule as laid down in the authorities quoted, but argues that appellant should not be heard to complain about the ''inconvenience in ascertaining and listing the names of the parties necessary to be designated as defendants.'' He cites Section 113 of Griffith's Mississippi Chancery Practice dealing with suits involving title to land, and Section 118 of the same fine work, dealing with suits to foreclose vendor's liens—both being general rules, while the Numerous Party Rule is an exception to the general rule as to parties. In our judgment, under the conditions of this case, the exception to the general rule should have been followed, and not the general rule.

We are, therefore, constrained to reverse that part ·of the decree of the Chancery Court adjudicating that precise issue against appellant, and to remand the case for further procedure in accordance with the Numerous Party Rule, in order that the claim of appellant to reimbursement to him for the sums demanded by him with reference to taxes and tax sales may be adjudicated. In so doing, we are not to be considered as intimating whether the complainant is entitled to all or any part of the demand

he makes for same, since we are not in a position to know what proof he can offer on the issue. We think, merely, he should have a hearing on this issue, and that the Chancery Court should hear whatever proof he may have, if any, as to why and how he is entitled, if at all, to such refunds, or any part thereof, after compliance with the Numerous Party Rule.

We affirm the decree of the Chancery Court in sustaining the motion of defendants, appellees here, to exclude the testimony of complainant below, appellant here, and enter a decree for the appellees, on the prayer to cancel the patent from the State to Saucier, and as to the ancillary issues. We, however, reverse the decree as to that part dealing with reimbursement of appellant for tax payments, for the reasons set out, supra.

Affirmed in part and reversed in part and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.