263 So.2d 764 (1972)
John W. BARRETT On behalf of himself and all others of a like class
v.
Armand COULLET, d/b/a Armand Coullet and Associates, et al.
No. 46701.
Supreme Court of Mississippi.
June 12, 1972.
Whittington & Brock, Greenwood, for appellant.
Watkins & Eager, William F. Goodman, Jr., Velia Ann Mayer, Jackson, for appellee.
ROBERTSON, Justice:
Complainant, John W. Barrett, brought a class action on behalf of himself and "all others similarly situated" against Armand Coullet and others for monetary damages in the Chancery Court of the First Judicial District of Hinds County, Mississippi.
The basis of this suit was the poor reception, both audio and video, of the Joe Frazier-Muhammad Ali championship boxing match via closed circuit television at the Mississippi Coliseum in Jackson, Mississippi.
Complainant charged the respondents with breach of contract and breach of an implied warranty in that the preliminary program was not shown, the first three rounds of the championship match were not shown, the video portion of the fourth and fifth rounds was not shown, and the video picture of the remaining ten rounds was "extremely blurred and hazy."
*765 Complainant asserted that respondents thus breached their contract with the complainant and the other ticket holders and breached "an implied warranty that both the video and audio parts of the said sporting event would be of a good quality and easily seen and heard."
Whether this suit may be brought as a class action would depend on the sufficiency of these allegations of the Bill of Complaint:
"Complainant, John W. Barrett, brings this action in behalf of himself and in behalf of his class because the class he represents is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the members of the class, the claim of the said complainant is typical of the claims of the other members of his class, the complainant will fairly and adequately protect the interest of the class, and an adjudication with respect to the said complainant would as a practical matter be dispositive of the interests of the other members of the class he represents."
Complainant closes his bill of complaint with the prayer that the court require the respondents:
"[T]o repay to complainant and the other members of his class the purchase price of tickets sold to them, in a manner to be determined by this Court, and that the Court set a reasonable attorney's fee from the proceeds of this judgment."
Complainant also prayed for general relief.
The prayer for a reasonable attorney's fee out of the common fund recovered is based on the authority of Section 1583.5, Mississippi Code 1942 Annotated (1956), which provides:
"Where a party hereafter institutes a suit for the benefit of himself and all others similarly situated, and thereby there is in such suit recovered or preserved property or a fund for the common benefit, the chancery court may make an allowance to such party of the reasonable costs incurred, which costs shall include the necessary disbursements, and reasonable solicitor's fees, out of the property recovered or preserved for the common benefit." (Emphasis added)
The chancellor sustained motions to dismiss and made these findings in the Final Decree:
"[T]hat the unnamed ticket holders do not have a common interest or a community of interest, but rather that each individual ticket holder has a claim at law which is several and independent, and that the complainant, John W. Barrett, is not entitled to maintain this suit as a class action."
Mississippi has no statute setting forth guidelines for class actions. Therein lies the difference between a class action in this state and one in a federal court, because the right to such action is provided by statute in Rule 23 of the Federal Rules of Civil Procedure. However, class suits have been recognized in Mississippi as a matter of general equity jurisdiction.
This Court said in McPike, Administrator, v. Wells, Administrator, 54 Miss. 136 (1876):
"It has always been a principle of the Court of Chancery in England and in this country, that all persons interested in the litigation should, if practicable, be brought before the court. That rule has always been recognized as obligatory on the Federal courts. The only relaxations of it are where parties are very numerous, in which case some may sue on behalf of all. The case becomes a representative suit for or against a few who represent the many having a like common interest." (Emphasis added). 54 Miss. 145.
See also, Floreen v. Saucier et al., 200 Miss. 428, 27 So.2d 557 (1946); Section 130, Griffith's Mississippi Chancery Practice (2d Ed.).
*766 A suit on behalf of a class should be closely studied, carefully analyzed and permitted only in clear cases because by its very nature such an action deprives nonappearing parties of their separate personal day in court, of their right to a choice of remedy, and they are bound forever by the decision rendered. Although having a statute on the books authorizing class suits, the Supreme Court of Florida, in City of Lakeland v. Chase Nat. Co., 159 Fla. 783, 32 So.2d 833 (1947), ran up a warning flag with this language:
"The provision for class suits is not a rule of law to be blindly followed without regard to the companion principle of law that no one can be bound by a judgment affecting his property without his day in court." 159 Fla. at 791, 32 So.2d at 838.
In the case at bar there were probably several different classes of ticket holders. Some probably paid more for their tickets because of proximity to the picture screen; others probably paid a different price because of the angle of view. Yet in this suit there was only one representative of one class of ticket holders which would apparently number in the thousands, and yet an adjudication in this one suit would be dispositive of the claims and interests of all the other members of the class.
59 Am.Jur.2d Parties, § 55, page 424, lists these two fundamental prerequisites of a representative or class suit:
"(1) there must be an ascertainable class, and (2) there must be a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented." (Emphasis added).
The textwriter immediately adds to these two indispensable requirements with this language:
"It also has been said that in order for one to bring an action for the benefit of himself and others there must be a community of interest plus a right of recovery based upon the same essential facts, and all those on whose behalf the suit is brought must have an interest common or identical with that of the named plaintiff." (Emphasis added). Id. at 424-425.
This addendum of the textwriter points up the fact that the courts are finding it absolutely necessary to further hedge and limit the right of one of a class to bring a suit for all. It just goes against the grain of "due process" and "equal protection of the law." Normally breach of contract or breach of an implied warranty are of law court jurisdiction, and the one complainant nowhere asserts that he does not have a plain, adequate and complete remedy at law. Although he bases his suit on breach of contract, he does not attach a standard ticket contract as an exhibit to his pleading; neither does he attach a typical newspaper advertisement. He does not even mention the cost of his own ticket.
It would be virtually impossible to "ascertain" the class that complainant asks to represent. How many ticket purchasers retained their ticket stub? What proof would be required of actual attendance at the Mississippi Coliseum? After all, those who bought tickets but were not able to attend the actual showing for various and sundry reasons suffered no damage. Then too, even some of those attending might feel that they got their money's worth in what they did see and hear and in relaxing and enjoying a time of fellowship with sporting friends. If this class action were permitted, then they would be deprived of their right to elect not to sue.
While this precise question has never been raised and, therefore, not decided in Mississippi heretofore, the decision in Newton Oil & Manufacturing Co. v. Sessum et al., 102 Miss. 181, 59 So. 9 (1912), sheds some light on this present day problem.
In Newton, the Court stated the facts:
"[A] multitude of parties claiming damages against the Newton Oil & Manufacturing *767 Company filed their joint bill in the chancery court against appellant to avoid a multiplicity of suits. The bill alleges that appellant sold to each of the complainants, at different times, certain fertilizers guaranteed to contain certain elements necessary to the fertilization of the soil, that the fertilizer did not come up to the guaranty, and each complainant prayed for damages in varying amounts, and also for the penalty imposed by section 2256 of the Code of 1906. To this a demurrer was interposed, and overruled." 102 Miss. at 188, 59 So. at 9.
This Court then ruled:
"The chancellor should have sustained the demurrer and dismissed the bill... . The rights and remedies of the complainants were entirely separate, independent, and distinct, and in no court could they maintain a joint cause of action. This is more than a misjoinder of parties. It also is a misjoinder of causes of action."

"`... Bliss on Code Pleading. This author says, in section 76: "Two or more owners of mills propelled by water are interested in preventing an obstruction above that shall interfere with the downflow of the water, and may unite to restrain or abate it as a nuisance; but they cannot, hence, unite in an action for damages, for, as to the injury suffered, there is no community of interest. There is no more a common interest than though a carrier had, at one time, carelessly destroyed property belonging to different persons, or the lives of different passengers.'" Tribette v. [Illinois Cent.] Railroad Co., 70 Miss. [182] 192, 12 So. [32] 34, 19 L.R.A. 660, 35 Am. St.Rep. 642." (Emphasis added). 102 Miss. at 188, 189, 190, 59 So. at 9, 10.
We are of the opinion that there was not an ascertainable class represented by complainant, and that there was not a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.
Even if complainant met these two prerequisites and a class suit was found to be the proper procedure, the court would still be confronted with the practical impossibility of determining the recipients of the recovered fund.
We are of the opinion that the chancellor was eminently correct in finding that "the unnamed ticket holders do not have a common interest or a community of interest, but rather that each individual ticket holder has a claim at law which is several and independent, and that the complainant, John W. Barrett, is not entitled to maintain this suit as a class action."
The judgment of the trial court is, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and JONES and INZER, JJ., concur.