300 So.2d 149 (1974)
Andrew EVANS et al.
v.
PROGRESSIVE CASUALTY INSURANCE COMPANY et al.
No. 47673.
Supreme Court of Mississippi.
September 9, 1974.
*150 Bernard W.N. Chill, Marlane E. Chill, Jackson, McRae & Baker, Pascagoula, Luther M. Dove, Jr., Jackson, for appellants.
Watkins & Eager, Jackson, David Miller Schneider, Wayne Clarence Dabb, Jr., Cleveland, Ohio, for appellees.
BROOM, Justice:
Appellants filed a class action against appellees in the Chancery Court of the First Judicial District of Hinds County, Mississippi. From a decree dismissing the bill for want of jurisdiction, this appeal was prosecuted. We affirm.
The decisive issue is: Did the chancellor err by ruling that appellants cannot maintain the suit as a class action cognizable under the equity jurisdiction of this state?
In their bill of complaint, the four individual appellants sought money damages from the appellees. The following averments are contained in the bill exhibited by appellants. Progressive is a holding corporation owning all of the capital stock of the other appellees, Casualty and Budget. The three corporations have common directors, common management, and operate at the same place of business. Casualty is engaged in the business of underwriting through licensed agents sub-standard and excess automobile liability and physical damage insurance coverage. Budget finances insurance premiums charged by *151 Casualty. Also in the bill is an averment that the three appellees, all of whom are Ohio corporations, conspired among themselves and with their agents to charge usurious interest in excess of twenty percent per annum in violation of Mississippi Code Annotated section 75-17-1 (1972), and that therefore all principal and interest should be forfeited. Each appellant sought a judgment for all amounts of principal and interest paid by him.
By their bill appellants asserted a class action purportedly representing all policy-holders in Mississippi whose policies were issued by Casualty, and whose insurance premiums were financed by Budget at alleged usurious rates of interest. Appellees filed separate motions (which the chancellor sustained) to dismiss for lack of jurisdiction of the subject matter.
All four appellants were insured under separate and distinct contracts (automobile insurance policies) issued by Casualty. Each of the policies differed as to date of issuance, amount of coverage, premium charged, and amount of cash paid down on each premium. Each appellant entered into a separate premium finance contract with Budget, who financed for each appellant a different portion of the respective premiums at different times for differing rates of interest.
No Mississippi case has been cited as authority that mere assertion of a class action, without equitable features, is an independent ground for equity jurisdiction. Tribette v. Illinois Cent. R.R., 70 Miss. 182, 12 So. 32 (1892). Several decisions of this Court are to the effect that in order for a class action to be within the jurisdiction of a chancery court in this state, the suit must involve a matter of equity cognizance. Barrett v. Coullet, 263 So.2d 764 (Miss. 1972); Mississippi Power Co. v. Ballard, 166 Miss. 631, 146 So. 874 (1933); Henry v. Donovan, 148 Miss. 278, 114 So. 482 (1927); Newell v. Illinois Cent. R.R., 106 Miss. 182, 63 So. 351 (1913); Scottish Union & Nat'l Ins. Co. v. Warren-Gee Lbr. Co., 103 Miss. 816, 60 So. 1010 (1913); Newton Oil & Mfg. Co. v. Sessum, 102 Miss. 181, 59 So. 9 (1912); Cumberland Tel. & Tele. Co. v. Williamson, 101 Miss. 1, 57 So. 559 (1912).
In Tribette, supra, a number of property owners, by separate actions in circuit court, sought to recover from the railroad damages for losses inflicted upon their property by a fire alleged to have resulted from the negligence of the railroad. The railroad sought to have a chancery court enjoin the separate suits and bring all of the claims into chancery as one suit in order to avoid a multiplicity of actions. In denying the class action the court said:
Where each of several parties may proceed in equity separately, they are permitted to unite and make common cause against a common adversary, and one may implead in one suit in equity many who are his adversaries in a matter common to all in many cases, but never when the only ground of relief sought is that the adversaries are numerous, and the suits are for that not in itself a matter for equity cognizance. 70 Miss. at 187-188, 12 So. at 32.
The court in the Tribette opinion pointed out that generally recovery of damages for a tort is not permitted in a chancery court. Illustrated in Tribette are class actions which are within equity jurisdiction as well as those which are not within equity jurisdiction. Tribette made it clear that different mill owners whose machinery is propelled by water from a common stream may join in one suit to prevent or abate an obstruction upstream that would interfere with the "down flow" of water. Equally clear from Tribette is the rule that such mill owners cannot as a class seek damages "as to the injury suffered" because, as to damages, there is lacking a community of interest.
Most of the cases relied upon by appellants were either federal cases where class actions were authorized by Rule 23 of the *152 Federal Rules of Civil Procedure, or they were based upon state statutes similar to Rule 23. Mississippi has no such rule of procedure or statute.
In Barrett v. Coullet, 263 So.2d 764 (Miss. 1972), the complainant Barrett purchased a ticket to a closed circuit telecast of a boxing match and sought to maintain a class action for himself and others similarly situated. Barrett's chancery suit was for breach of contract and breach of implied warranty based upon a charge that part of the program was not shown and other parts were of poor quality. On appeal the court noted that the suit simply asserted separate and individual claims for monetary damages and that the claims were independent and several. In denying the class action effort, this Court in the Barrett decision announced three prerequisites of a class action:
(1) An ascertainable class.
(2) A well-defined community of interest in questions of fact and law affecting the members of the class.
(3) A right of recovery based upon the same essential facts.
In Barrett, supra, the class action was not allowed even though each claim involved grew out of one factual situation common to each member of the potential class. There each claim related to one occurrence (a telecast) which transpired on a single date. Appellants in the case at bar have packaged or lumped together as a class thousands of claims based on numerous occurrences or events which transpired during the six year statute of limitation period.

I.
It may be arguable in the case now before us as to whether or not there was an ascertainable class, but there is clearly absent here the ingredient of a "well defined community of interest in questions of law and fact" affecting parties appellants would represent. Each appellant and each potential member of the purported class has associated with him a different set of facts and circumstances. Treating the matter as a class suit would confront the trial court with as many different sets of facts as there were members of the class. Such a procedure would require the chancellor to make separate fact findings and calculations because each of the alleged class members was a policyholder with a separate contract of insurance and related financing. Here the appellants lumped together numerous separate and distinct claims which were presented to the chancellor as one large package. Such an agglomeration of unrelated claims against common defendants does not constitute a community of interest even though similar legal questions may be associated with each of the alleged claims.

II.
For each of the separate and distinct claims revealed by this record, each appellant has an adequate remedy at law. This being true, and there being present no community of interest in the questions of law and fact affecting the parties appellants sought to represent, the chancellor properly dismissed the bill.

III.
We also note the enormity of the complex legal and logistical problems that would be created should this suit proceed as a class action. There would be numerous members of the class and for each member there would have to be made complicated calculations and computations pertaining to each of the insurance and finance contracts involved. Disposition of each claim would obviously require individual proof of the transactions which took place between each of the purported class members and Casualty and Budget. In all likelihood, there would have to be a separate hearing or mini-trial for each of such *153 class members and the chancellor would be confronted with the necessity of deciding many individual questions because there were different facts pertinent to each alleged class member. We are unable to comprehend that any court armed with all the ingenuity of man, could cope with the complexities and difficulties as would result from a class action if allowed here. Our opinion is that trial of the many claims asserted in this suit as a class action must, from a practical standpoint, be viewed as unmanageable. Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2d Cir.1973), vacated, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (vacated as to petitioner who will not bear cost.)
Defendants faced with the awesome threat of such expensive, unwieldly, and multi-faceted litigation would logically tend to buckle under and negotiate settlements they would not otherwise consider. Windfalls would accrue. Also the ugly spectre of legalized blackmail is more than a possibility in future cases should this Court relent from the prerequisites of class suit actions announced in Barrett, supra. Barrett noted that class actions go against the grain of "due process" and "equal protection of the law." Rules applicable to such actions must, therefore, not be broadened or relaxed but applied with consistency.
Refusal of the chancellor to require discovery was not error here because the bill of complaint on its face demonstrated that the chancery court lacked jurisdiction of the suit as a class action. The casting of the several causes in the mold of a class action did not and cannot create equity jurisdiction.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.