360 So.2d 925 (1978)
LOUISVILLE & NASHVILLE RAILROAD COMPANY et al.
v.
Rheeta HASTY.
No. 50229.
Supreme Court of Mississippi.
July 12, 1978.
Rehearing Denied July 26, 1978.
Megehee, Brown & Williams, Raymond L. Brown, Pascagoula, for appellants.
Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellee.
Before ROBERTSON, WALKER and COFER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a decision of the Chancery Court of Jackson County, Mississippi, awarding Rheeta Hasty, plaintiff below, $125,000 for injuries she suffered in a collision between the van in which she was riding and one of appellant's trains.
The appellant railroad company first contends that the chancellor's action in taking jurisdiction of this matter as an attachment in chancery was erroneous and in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution, since the appellant foreign corporation was fully domesticated.
*926 The chancellor took jurisdiction of this case pursuant to Mississippi Code Annotated section 11-31-1 (1972), on the ground of the nonresidency of the appellant, a Kentucky corporation. The appellant argues that this action violated its right to equal protection of the laws because as a domesticated corporation under Mississippi Code Annotated section 79-1-23 (1972), it was "... to all intents and purposes a corporation of this state, and ... [was] entitled to all the rights and privileges and ... subject to all the duties, obligations, restrictions, liabilities, limits and penalties conferred and imposed by the laws of this state upon similar corporations incorporated under the laws of this state."
In Southern Motor Express Company v. Magee Truck Lines, Inc., 181 Miss. 223, 177 So. 653 (1938), the Court held that a foreign corporation domesticated in Mississippi was nevertheless to be considered a resident of its state of incorporation for jurisdictional purposes and was, therefore, subject to the jurisdiction of the chancery court in an attachment suit. The appellant argues that this holding denies it equal protection of the law because under section 79-1-23, it is "... to all intents and purposes a corporation of this state... ."
This argument is not well taken. In Southern Motor Express Co., the Court stated:
Whatever may be the full import of the domestication statutes, we think it may be safely said that they do not operate to make two separate and distinct corporations. The foreign corporation domesticated here still remains one corporation, and it must, therefore, have its domiciliary residence in one state and not in both. Thus, it seems the more reasonable to ascribe that residence to the original state which above others has visitorial and supervisory powers over it, as well as the final authority to dissolve it. (181 Miss. at 228, 177 So. at 653).
The visitorial and supervisory powers and final authority to dissolve the corporation vested in the state of incorporation all provide a firm basis for distinguishing domesticated foreign corporations from domestic corporations for jurisdictional purposes. Therefore, we hold that the appellant was not denied equal protection in this case. See Clark v. Louisville & N.R. Co. et al., 158 Miss. 287, 304-05, 130 So. 302, 308 (1930).
Appellant next contends that its constitutional right to a jury trial was violated by the chancery court in taking jurisdiction of this case. However, this issue has previously been decided adversely to appellant and appellant has not advanced any arguments which would persuade us to overrule those cases. See Illinois Central Railroad Co. v. McDaniel, 246 Miss. 600, 151 So.2d 805 (1963); Matthews v. Thompson, 231 Miss. 258, 95 So.2d 438 (1957); Talbot & Higgins Lumber Company v. McLeod Lumber Company, 147 Miss. 186, 113 So. 433 (1927).[1]
The next contention of the appellant is that the chancellor erred in taking jurisdiction of this cause as "minor's business," because section 159 of the Mississippi Constitution does not confer upon the chancery court jurisdiction to decide facts and award damages in a minor's tort claim for damages.
In response to one of the several pretrial motions to dismiss filed by the appellants, the chancellor observed that he had jurisdiction because the matter involved a minor and the chancery court has jurisdiction over all matters involving minors. It appears that the chancellor was relying upon section 159 of the Mississippi Constitution as authority for his statement. However, such reliance was misplaced. In the recent case of McLean v. Green, 352 So.2d 1312 (Miss. 1977), we stated:

*927 While it is true that both complainants were minors, this case neither involved nor required any equitable relief. An analysis of the case law concerning Section 159(d) clearly shows that the jurisdiction of the chancery court over minors is limited to matters involving equitable relief. The action at bar arises from a tort claim, and we have made it clear previously that courts of equity should not assume jurisdiction over claims for personal injury. Evans v. Progressive Casualty Insurance Company, 300 So.2d 149 (Miss. 1974); 30 C.J.S. Equity § 28 (1965). One reason for such a rule is that historically tort claims have been tried by jury. In chancery court, with some few statutory exceptions, the right to a jury is purely within the discretion of the chancellor, and if one is empaneled, its findings are totally advisory. Our constitution, Mississippi Constitution, § 31 (1890), provides that the right to trial by jury shall remain inviolate, but in this case, the chancellor's assumption of jurisdiction of this common law action has deprived the defendant of this right. Although we hold that the chancellor was in error, Mississippi Constitution, § 147 (1890) prevents reversal solely on the ground of want of jurisdiction... .
.....
Despite the mandate of § 147, we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to trial by jury remains inviolate. But absent other error, we cannot reverse. (352 So.2d at 1314).
The appellants' fourth assignment of error is that the chancellor based his decision upon facts which were not reflected in the record and said decision is against the overwhelming weight of the evidence. We have carefully considered the arguments advanced by the appellants in support of this assignment of error, but after a thorough review of the record, we are unable to say that the chancellor's findings were manifestly wrong.
The final assignment of error is that the judgment of $125,000 is excessive. Appellants base this assignment on the fact that the appellee's medical and hospital bills totaled $10,701.71 and the fact that her fractures were healing properly. On the other hand, as the appellants concede, she had a ten percent permanent partial disability of the spine and a ten percent disability of the lower left extremity and some disability of the right lower extremity. There also was uncontradicted testimony that the appellee had undergone, and was still in, considerable pain and there was evidence that she underwent a personality change as a result of the accident and psychiatric help in the future was indicated. Under the circumstances, we cannot say that the award was excessive.
For the foregoing reasons, the decree of the chancery court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] On the oral argument of this cause, the appellant raised the possibility that the attachment in chancery statute violates procedural due process, citing Miss. Chemical Corp. v. Chemical Const. Corp., 444 F. Supp. 925 (S.D.Miss. 1977). However, since this issue was not briefed and since the facts of Miss. Chemical appear to differ from the facts of the case at bar, we decline to consider this issue.