370 So.2d 1335 (1979)
James S. THOMPSON, Mayor of City of McComb, et al.
v.
James J. ANDING et al.
No. 51181.
Supreme Court of Mississippi.
May 9, 1979.
Watkins & Eager, James L. Carroll, Jackson, Wiltshire & Walman, McComb, for appellants.
Richard E. Stratton, III, Brookhaven, Mounger & Mounger, Tylertown, for appellees.
Before SMITH, SUGG and COFER, JJ.
SMITH, Presiding Justice, for the Court:
This case involves an appeal by John S. Thompson, Mayor of the City of McComb, Mississippi, Herbert Wilmesherr, Baker Gunter, Jewell D. Conerly, Harvey Vest, Clyde Simmons and Cliff L. White, Selectmen and Constituting the Board of Selectmen of the City of McComb City, Mississippi, and Charles B. Campbell, Tax Collector for the City of McComb City, Mississippi, from a decree of the Chancery Court of Pike County overruling their general demurrer to an original bill filed by James J. Anding, W.W. Williamson, John H. Boyd, F.E. McKinley, George S. Carruth and E.D. Bearden, as citizens of Pike County who reside in "and/or" own real property within the McComb Municipal Separate School District but outside the corporate limits of McComb City, and asserting that complainants brought the suit as representatives of a class consisting of themselves and all others similarly situated, said decree also overruling a motion by the defendants to dismiss the bill as not stating a case meeting the essential requirements of a class action.
The bill charged that the lands of the so-called "class" were assessed at a value substantially higher than lands of taxpayers of Pike County generally and lands in other Pike County school districts and in school *1336 districts in other counties and were not assessed in proportion to their value. Demand was made for refund of taxes and a requirement that the lands be properly assessed.
It is apparent from the bill, and confirmed by the argument on appeal, that claimants' suit is based upon the proposition that Mississippi Code Annotated section 21-33-11 (1972) provides the exclusive method for the assessment for school taxes of lands comprising that part of a municipal separate school district which lies outside municipal boundaries, and that the assessments appearing on the county assessment rolls are conclusive upon the municipal taxing authorities. The section reads as follows:
The municipal assessment of railroad property, and other property required by law to be assessed by the state railroad assessors, shall be made by the assessor by copying from the assessment roll of such property, filed with the clerk of the board of supervisors, the assessment of all the property situated inside the municipality. Where any municipality has added territory, the assessor shall likewise copy, from the roll filed with the clerk of the board of supervisors, the assessment of all the property situated within such added territory constituting, with a municipality, a separate school district. The assessment so copied shall be the legal assessment for the municipality, and the municipal separate school district, and, when certified by the clerk and placed in the hands of the municipal tax collector, shall be his warrant for the collection of municipal and separate school district ad valorem taxes.
If it can be said that there are certain ambiguities in Mississippi Code Annotated section 21-33-11 (1972) standing alone, when considered with other statutes dealing with the assessment of property, it becomes manifest that, insofar as the assessment of separate school district property lying outside a municipality, it must be construed as:
(1) Relating exclusively to the assessment of railroad property by the "State Railroad Assessors", including that in a municipality or in the added territory of a separate school district; (2) or providing a temporary expedient or alternative method for assessing property added to a municipal separate school district which lies outside a municipality. While not a controlling authority, of course, Ross, in Municipal Taxation in Mississippi, 29 M.L.J. 41 (1957), the author states:
As stated, in 1950 the legislature rewrote the tax law as to municipal ad valorem taxes.[5] All property within the municipality, real and personal, on the first of January of each year, is subject to assessment and ad valorem tax levies for that year. This law provides the form of assessment rolls, authorizing municipalities to follow the county rolls or to provide for separate assessment by the municipal assessor each year. The manner of assessing public utilities and public car companies is provided,[6] and also the method of assessing motor vehicles.[7]
The writer has had no experience with municipal assessments where the municipality follows the county assessment rolls. It appears that the great majority of municipalities employ the system wherein the municipal assessments are made by the municipal tax assessor each year. This discussion on municipal assessments concerns this procedure.
From Miss. Code Ann. §§ 3742-01 to -46 (1942) the procedure of municipal tax assessing is determined.
The municipal tax assessor assesses all taxable property within the boundaries of the municipality, and in the case of a municipal separate school district having added territory, within the boundaries of the added territory also. He shall complete the assessment both of the real and personal property, and file the assessment rolls, with the proper affidavit attached, with the municipal clerk on or before the first Monday of September, unless the *1337 governing authorities shall fix a different date.
Mississippi Code Annotated section 21-33-21 (1972) provides:
The assessor shall, in the same manner and at the same time as municipal assessments are made, make an assessment of all taxable property in any added territory, and make the same a part of the assessment roll of the municipal separate school district.
And Mississippi Code Annotated section 37-7-615 requires that:
... The taxable property of territory outside of the municipal limits which has been added to a municipal separate school district shall be assessed and taxes collected thereon for all school purposes in the same manner as the property within the municipality is assessed and taxes collected therefrom for school purposes, ...
This Court has held that statutes relating to the same subject matter, although appearing to be in conflict, should, so far as reasonably possible, be harmonized with each other so as to give force and effect to each. McCullen v. State, 217 Miss. 256, 63 So.2d 856 (1953), Aikerson v. State, 274 So.2d 124 (Miss. 1973).
This Court has held consistently that when applying section 112 of the Mississippi Constitution, in considering the validity of assessments in a taxing district, such assessments are to be compared with other property assessments within the taxing district as a whole and not with assessments in other taxing districts. In Xerox Corporation v. City of Jackson, 328 So.2d 330 (Miss. 1976), the rule was followed, the Court stating:
Section 112 of the Mississippi Constitution of 1890 as amended provides in part:
"Taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. Property shall be assessed for taxes under general laws, and by uniform rules, and in proportion to its value." Miss. Code Ann. (1972), Vol. 1.
We have construed this language to mean that assessments must be equal and uniform in the taxing district. McArdle's Estate v. City of Jackson, 215 Miss. 571, 61 So.2d 400, 63 So.2d 101 (1952); Lavecchia v. Mayor and Aldermen of City of Vicksburg, 197 Miss. 860, 20 So.2d 831 (1945); Redmond v. City of Jackson, 143 Miss. 114, 108 So. 444 (1926). In this case the taxing district is the City of Jackson. (328 So.2d at 333-334).
It is apparent that an adoption of the rule for which appellees contend, that is, that property in the territory added to the municipal separate school district and lying outside the municipality, should be assessed differently than property lying within the municipality, would result in the very lack of uniformity and equality which the bill purports to seek and would be constitutionally impermissible.
The general demurrer to the bill should have been sustained.
Likewise, the motion to dismiss the suit as not presenting the essential prerequisites of a class action in Mississippi, should have been sustained.
In Barrett v. Coullet, 263 So.2d 764 (Miss. 1972), this Court said:
59 Am.Jur.2d Parties, § 55, page 424, lists these two fundamental prerequisites of a representative or class suit:
"(1) there must be an ascertainable class, and (2) there must be a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented." (Emphasis added).
The textwriter immediately adds to these two indispensable requirements with this language:
"It also has been said that in order for one to bring an action for the benefit of himself and others there must be a community of interest plus a right of recovery based upon the same essential facts, and all those on whose behalf the suit is brought must have an interest common or identical with that of the named plaintiff." (Emphasis added). Id. at 424-425. (263 So.2d at 766).
The language of the Court in Barrett finds some analogy here:

*1338 "[T]hat the unnamed ticket holders do not have a common interest or a community of interest, but rather that each individual ticket holder has a claim at law which is several and independent, and that the complainant, John W. Barrett, is not entitled to maintain this suit as a class action." (263 So.2d at 765).
Obviously, Rule 23 of the Federal Rules of Civil Procedure dealing with class actions, has no application in this case.
Moreover, the class action, like any other suit in equity, must present a matter for equity cognizance. Tribette v. Illinois Central Railroad, 70 Miss. 182, 12 So. 32 (1892).
In Barrett v. Coullet, supra, this Court stated that in order to maintain a so-called class action that there must be:
(1) An ascertainable class.
(2) A well-defined community interest in questions of fact and law affecting the members of the class.
(3) A right of recovery based upon the same essential facts.
As early as Anderson v. Ingersoll, 62 Miss. 73 (1884) this Court dealt with a case involving an alleged excessive assessment of land. The Court stated:
If the appellee was aggrieved by the action of the board of supervisors in increasing the assessment of his property he should have appealed to the circuit court, as he was permitted to do by § 504 of the Code of 1880. The board had jurisdiction of the matter on which its action was taken, and any error committed in its exercise was correctible by appeal; the appellee, having failed to avail himself of the remedy provided by the statute, cannot invoke the aid of the chancery court. Johnson v. Bond, MS. opinion, Book L, 278. (62 Miss. at 74-75).
In citing Anderson, appellees point out that section 504, referred to above, is the predecessor of present section 11-51-77.
This Court has continued to hold that the remedy of a taxpayer under circumstances such as those disclosed by the bill of complaint in this case, is by exercising the statutory right of appeal. In Yazoo Delta Investment Company v. Suddoth, 70 Miss. 416, 12 So. 246 (1893), the Court said:
[A]nd, from its judgment (the order of the board approving the assessment) so rendered, the appellant, if dissatisfied, should have appealed. Having failed to do so, he is concluded by the roll as approved by the board. (70 Miss. at 423, 12 So. at 248).
In Alexander v. Mayor And Board of Aldermen of City of Natchez, et al., 219 Miss. 78, 68 So.2d 434 (1953), certain taxpayers brought suit in the Chancery Court of Adams County against the Mayor and Board of Aldermen of the City of Natchez, challenging the validity of a contract between the City and a firm of expert property appraisers. The bill alleged "that the valuations made by the city assessor under this contract are in fact discriminatory and not equal and uniform, and are arbitrary in amounts." In disposing of the case this Court said:
However, if appellants were aggrieved as to the assessments affecting their property interests, they should have filed objections with the Mayor and Board of Aldermen and have taken appeals from such assessments in the manner provided by statute. Miss.Code 1942, §§ 3716-3721, amended in 1950 by Code Sections 3742-12 through 3742-17, and Code Section 1196 deal with appeals from general ad valorem tax assessments... . (219 Miss. at 92, 68 So.2d at 440).
The claims of the individuals said to comprise the "class" in each case relate to an individually owned parcel of real estate and are separate and distinct, each from the other. The remedy of each of these persons, as landowners, was by appeal under the provisions of section 21-33-39 and section 11-51-77, supra. This Court has continued to recognize the validity of this provision and that the statutory method of appeal provides each of the individuals concerned with a separate, plain and adequate remedy at law. That being so, a court of equity is without jurisdiction.
Under ordinary circumstances, a decree sustaining the demurrer would be entered *1339 here, with a remand to afford complainants a reasonable time to amend. However, in view of our conclusion that (1) the bill does not state a case for a class action, and (2) complainants had a plain, adequate remedy at law and thus equity was without jurisdiction, the motion to dismiss the bill should have been sustained. A decree, therefore, is entered here finally dismissing the bill.
REVERSED AND DECREE HERE DISMISSING BILL.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[5] Miss. Code Ann. §§ 3742-01 to -46 (1942).
[6] Miss. Code Ann. §§ 3742-04, -05 (1942).
[7] Miss. Code Ann. §§ 9352-65, -66 (1942).