**Roy M. LATHEM Plaintiff**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and AIG Insurance Services, Inc. Defendants**

No. CIV.A.3:04 CV 23LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 9, 2004.

John D. Fike, Ferguson & Fike, Raymond, MS, for Plaintiffs or Petitioners.

Phillip W. Gaines, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Richard T. Lawrence, Watkins & Eager, Jackson, MS, Bourdeaux & Jones, Meridian, MS, for Defendants or Respondents.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on motion of plaintiff Roy M. Lathem to remand the case to the Circuit Court of Hinds County, Mississippi. Defendants State Farm Mutual Automobile Insurance Company (State Farm) and AIG Insurance Services,

Inc. (AIG) have responded in opposition. Having considered the memoranda and submissions of the parties, the court concludes that plaintiff's motion to remand should be granted.

On August 18, 2003, Lathem filed this declaratory judgment action against State Farm, his automobile insurance carrier, and against AIG, the liability insurer for Log Haul Hunting and Fishing Club of Edwards, Mississippi (the Hunting Club), seeking an adjudication that both defendants owe him defense and indemnity obligations in connection with a wrongful death action brought against Lathem in the Circuit Court of Warren County by Mary P. Burleson.[1] In that underlying action, Burleson, on behalf of the estate of Bobby Shiers, Jr., seeks to recover five million dollars in actual damages and ten million dollars in punitive damages based on allegations that Lathem willfully and maliciously caused the injury and wrongful death of Shiers by use of a firearm.[2]

In his complaint in this cause, Lathem alleges that on May 15, 1999, the date of the incident on which Burleson's complaint is based, he was operating the insured vehicle when it collided with another vehicle, which evidently precipitated the events which led to Shiers' death. Lathem contends that as his automobile liability insurer, State Farm, is obligated to defend him in the Burleson action and to pay any such judgment which may be awarded against him, "subject to the applicable limits of the policy." Lathem further claims that he is covered by the Hunting Club's AIG policy because on the occasion of the incident at

---

1. On September 3, 2003, Lathem amended his original complaint to name as the proper defendant State Farm Mutual Automobile Insurance Co. rather than State Farm Insurance Co. The complaint was again amended on December 5, 2003 to add AIG as a defendant.

2. The events that gave rise to the Burleson action are unclear, and presumably irrelevant because none of the parties has sought to clarify how that cause of action came about.

issue in the Burleson action, he was a member, guest or invitee of the Hunting Club, his actions were "for the interest of" the Hunting Club, and the events took place on the property of the Hunting Club.[3]

■ State Farm, joined by AIG, timely removed the cause to this court based on diversity jurisdiction, 28 U.S.C. § 1332, following which Lathem filed the instant motion to remand. In his motion, Lathem, a Mississippi citizen, argues that complete diversity of citizenship is lacking with respect to State Farm and/or AIG. As to State Farm, plaintiff does not deny that State Farm is a citizen of Illinois, in that it is organized and exists under the laws of Illinois and has its principal place of business in Illinois. He argues, though, that State Farm is properly considered a citizen of Mississippi as well since it maintains a significant number of contacts throughout Mississippi, including pursuing sales, maintaining offices and sponsoring charitable activities. Merely doing business in Mississippi, however, does not make State Farm a Mississippi corporation for diversity purposes.[4]

■ Section 1332(c) provides that a corporation is a citizen of both its state of incorporation and the state of its principal place of business for purposes of diversity jurisdiction. To determine a corporation's principal place of business, the court applies the "total activity" test, specifically

considering "the location of the corporation's 'nerve center' and its 'place of activities.'" *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 876 (5th Cir.2004). "When considering a corporation whose operations are far flung, the sole nerve center of that corporation is more significant in determining [that corporation's] principal place of business ...." *J.A. Olson Co. v. City of Winona, Miss.,* 818 F.2d 401, 411 (5th Cir.1987). In its response, State Farm characterizes its operations as "far flung," in that it operates agencies and claim centers across the country, but maintains its central operations office, or "nerve center," in Bloomington, Illinois. Plaintiff has not contended otherwise, and accordingly, the court concludes that State Farm is a citizen of Illinois, not Mississippi.[5]

■ With respect to AIG, plaintiff argues his claims constitute a direct action against AIG so that pursuant to 28 U.S.C. § 1332(c)(1), AIG is properly deemed a citizen of Mississippi, thereby destroying diversity. Section 1332(c)(1) provides that "in any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen ...." Plaintiff's reliance on this provision is misplaced.

■ In his complaint, Lathem claims that he was a member, guest or invitee of

---

3. In his motion to remand, Lathem indicates that both AIG and the members of the Hunting Club maintain that he was not a member on May 19, 1999.

4. As defendants point out, plaintiff's characterization of State Farm's "significant contacts" in Mississippi suggests that he may have confused the test for personal jurisdiction over a foreign defendant with the test for corporate citizenship for diversity jurisdiction purposes.

5. In its brief, AIG also correctly argues that the fact that State Farm does business in Mississippi and complies with Mississippi "domestication" laws does not impact diversity jurisdiction. *See Southern Motor Express Co. v. Magee Truck Lines,* 181 Miss. 223, 177 So. 653, 653 (1937) (holding that a domesticated foreign corporation remains a "resident of the state of its original incorporation" for jurisdictional purposes).

the Hunting Club and "was therefore covered by the provisions of insurance policy HCP536569." A direct action is a case in which " 'a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured and without having first obtained a judgment against the insured . . . .' " *Hernandez v. Travelers Ins. Co.,* 489 F.2d 721, 723 (5th Cir.1974)(quoting *Vines v. United States Fidelity & Guaranty Co.,* 267 F.Supp. 436, 438 (E.D.Tenn. 1967)). Lathem, as either a member, guest or invitee of the Hunting Club, is seeking to assert his rights against AIG as an insured, and thus his claims do not constitute a "direct action." *See Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1188 (5th Cir.1988)(noting that an action by an insured against his own carrier to resolve coverage issues is not a direct action). Accordingly, § 1332(c)(1) has no applicability here.

■ Having established that complete diversity of citizenship exists in the instant case, the court must determine if the requisite amount in controversy is met to decide if removal is proper. Plaintiff contends that it is not, because the State Farm policy sets the coverage limit for bodily injury at $25,000, well below the jurisdictional minimum of $75,000. State Farm acknowledges that its limit of liability for indemnity is $25,000, but asserts that since the cost to defend the underlying action must also be taken into account in determining whether the jurisdictional minimum is met, and that since the cost to defend Lathem in the underlying action could reasonably exceed $50,000, then the jurisdictional minimum is met.

■ While it is true that the cost to defend the insured is considered in determining if the jurisdictional minimum is satisfied,[6] here, the court is not persuaded that State Farm has demonstrated that the cost to defendant Lathem will likely exceed $50,000. Therefore, and particularly since any doubts as to the propriety of removal are resolved in favor of remand,[7] the court concludes that the jurisdictional minimum is not met based on the obligations sought to be imposed against State Farm.

■ State Farm and AIG argue, alternatively, that because AIG's policy limit is $300,000, the court has jurisdiction over this matter based on the aggregation of plaintiff's claims against the two defendants.[8] State Farm takes the position that plaintiff has asserted a joint indemnity and defense obligation on the two insurers because he seeks a declaration that both State Farm and AIG have an obligation to provide defense and indemnity benefits in the Burleson action.

■ The general rule, as recognized by the Fifth Circuit, is that "where a suit is brought against several defendants

---

6. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998)(considering both policy limits and potential attorney's fees in determining if jurisdictional minimum was met in declaratory judgment action regarding insurance coverage); *Stonewall Ins. Co. v. Lopez,* 544 F.2d 198, 199 (5th Cir.1976) (holding that the value of the obligation to defend an insured in a separate lawsuit is properly considered in determining if the jurisdictional minimum is met).

7. *Dubose v. Merchants and Farmers Bank,* 318 F.Supp.2d 419, 424 (S.D.Miss.2003) (citing *Shamrock Oil & Gas Corporation v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

8. This argument was not asserted in the notice of removal and was not addressed by plaintiff in his motion to remand. Plaintiff did not submit a rebuttal brief in response to defendants' replies.

asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." *Jewell v. Grain Dealers Mutual Ins. Co.*, 290 F.2d 11, 13 (5th Cir.1961) (finding that joint liability did not exist between primary insurer and an excess insurer and therefore, claims against them could not be joined for determining jurisdiction). "Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff." *Id.; see also Dendinger v. Maryland Cas. Co.*, 302 F.2d 850 (5th Cir.1962). In *Jewell*, the plaintiff, who sustained injuries while riding as a passenger in his own vehicle, filed suit against the insurer of the driver (Fireman's Insurance Company), his own insurer (Grain Dealers Mutual), and the insurer of the driver of the other vehicle involved in the accident (Western Casualty and Surety Company). Grain Dealers Mutual, whose policy limit was below the jurisdictional threshold, moved to dismiss, asserting that the amount in controversy was not met, and the court agreed, dismissing the cause as to Grain Dealers Mutual. The Fifth Circuit affirmed, finding that there was no joint liability of the defendant insurance companies because "[t]he fact that one company has a primary liability and that another has excess coverage of the same insured risk does not create a joint liability or any such community of interest as permits the claims against them to be joined for determining jurisdiction." *Id.* at 13.

Similarly, in *Dendinger*, the plaintiff filed suit following the death of his wife who had been a passenger in an automobile involved in a collision with a vehicle operated by an employee of the State of Louisiana. Plaintiff filed suit against the insurer of the driver (Maryland Casualty Company), the insurer of the driver of the other vehicle (Aetna), and the insurer of the state (Peerless). Maryland Casualty Company moved to dismiss, asserting that its policy limit was below the jurisdictional amount, and the district court granted the motion, dismissing Maryland Casualty Company. The Fifth Circuit affirmed, applying *Jewell*, and determined that "[n]either [company] was liable for any amount in excess of limits of the policy it had issued" and "[t]here was no privity between the insurers." *Id.* at 851.

While State Farm contends that Lathem has asserted "joint liability," the court is not persuaded that this assertion is sufficient to justify aggregation of plaintiff's claim for purposes of attaining the jurisdictional amount. Here, plaintiff is suing two separate insurance companies to enforce obligations to defend and indemnify. These two insurers are not in privity with one another, and there is no suggestion that either is liable for an amount in excess of the limits of its respective policy. *See Dendinger*, 302 F.2d at 851. State Farm concedes that it had an insurer-insured relationship with Lathem pursuant to an automobile liability policy at the time of the incident, and initially participated in Lathem's defense in the Burleson action under a reservation of rights, later terminating its participation after determining that the incident was not covered. AIG insures the Hunting Club where Lathem alleges the incident took place. In its answer to plaintiff's complaint, AIG asserts that Lathem was not a named insured under the policy and the incident in question was not covered under the policy because the incident was an intentional act. Based on the facts before the court and, again in light of the requirement that doubts be resolved in favor of remand, the court cannot conclude that plaintiff's claims against these two defendants should

be aggregated to meet the requisite jurisdictional amount.[9]

Based on the foregoing, it is ordered that plaintiff's motion to remand is granted.

9. Although it notes that there have been cases finding aggregation proper in similar cases, as, for example, *Stone v. Stone*, 405 F.2d 94, 98 (4th Cir.1968) (permitting aggregation where plaintiff's claim against one defendant was below the jurisdictional minimum), AIG concedes that at least one court has found that *Stone* is "no longer good law," *National Union Fire Ins. Co. v. Allfirst Bank*, 225 F.Supp.2d 614, 615 (D.Md.2002)(finding *Stone* was "no longer good law"), and it thus acknowledges that the law on this aggregation issue is not clear. AIG submits that since this is a complex issue as to which the law may not be altogether clear, then the court should retain jurisdiction based on State Farm's cost of defense argument. In the court's opinion, however, not only is the law clear that the claims herein cannot properly be aggregated, it is also clear that State Farm has not sustained its burden to prove that the amount in controversy on plaintiff's claim against it exceeds $75,000.