PIERCE v. FORD et al.

(In Banc. Jan. 14, 1946.)

[24 So. (2d) 342. No. 35996.]

Léonard B. Melvin, of Laurel, and Harris Sullivan, of Hattiesburg, for appellant.

Jeff Collins, of Laurel, for appellees.

**Griffith, J.**, delivered the opinion of the court.

The property in controversy was sold by the City of Laurel on September 15, 1941, for the delinquent city taxes thereon for the year 1940. The statutory certified list of the tax sales made on that day, including the particular sale, was duly filed with the chancery clerk of the county, but he failed to note the sale on the sectional index. There was a deed of trust on the property which was foreclosed on December 2, 1941, and the First Federal Savings and Loan Association, of Hattiesburg, became the purchaser and thereby the holder of the right to redeem from the tax sale.

On January 9, 1942, the president of the Association, accompanied by his attorney, visited Laurel for the purpose of paying the 1941 taxes and to redeem from any tax sale that may have been made. They examined the sectional index and found no record of a tax sale, after which they visited the office of the city tax collector where they paid the 1941 city taxes, and, according to the recollection of the president of the Association, they offered to redeem from any tax sale; and that upon the offer, the tax collector or his deputy in charge, but which

of them the witness could not say, informed them that there had been no tax sale and that the tax for the year 1941 was all that was due. The attorney, being in the armed service, did not testify.

But the tax ·collector and his deputy deny any recollection of any such request. They admit, however, that with hundreds of callers at that office, such a request without their recalling it was possible, but both positively say that their uniform and unvarying custom was never to respond that there was no tax sale, when an offer was made to redeem, without first looking carefully to their records, and they explained in detail the manner in which the records were kept, showing that the records of tax sales were kept in such manner, including the record of this sale, that it would scarcely be possible to overlook such a sale on any real search, and in view of all this they denied that any offer to redeem, so expressed as to be understood as such, was made in this case.

The chancellor held that in view of all the circumstances, the proof was insufficient to require a cancellation of the tax deed, and inasmuch as there was before him upon the whole case that which called upon him for a decision as to the probabilities, and as we cannot say that he was manifestly wrong, we must affirm, and this after a careful reexamination of McLain v. Meletio et al., 166 Miss. 1, 147 So. 878, and Kelly v. Coker et al., 197 Miss. 131, 19 So. (2d) 519, relied upon by appellant.

Affirmed.