352 So.2d 1312 (1977)
Joyce B. McLEAN
v.
Kenneth GREEN, a minor, by his father and next friend, Semo Green and Lawrence Rollins, a minor, by his next friend, James H. Mazique.
No. 49694.
Supreme Court of Mississippi.
December 14, 1977.
*1313 Wise, Carter, Child, Steen & Caraway, Jerome B. Steen, Charles T. Ozier, Jackson, for appellant.
Zuccaro, Riley, Pintard & Brown, Walter Brown, Natchez, for appellee.
Before PATTERSON, C.J., ROBERTSON and SUGG, JJ., and IDOM, Commissioner.
IDOM, Commissioner for the Court:[1]
This is a personal injury action brought in the Chancery Court of Adams County, Mississippi by Kenneth Green and Lawrence Rollins, both minors, against Mrs. Joyce B. McLean. Both complainants prayed for damages in the amount of Ten Thousand ($10,000.00) Dollars each, allegedly due as a result of an automobile-motorcycle collision, which occurred on Highway 61 near Natchez, Mississippi. Following a hearing, the court entered two decrees, one awarding Green Ten Thousand ($10,000.00) Dollars and the other awarding Rollins Three Thousand One Hundred Eighty-four ($3,184.00) Dollars. Mrs. McLean appeals from these judgments of the chancery court.
On November 12, 1974, at or about 7:30 P.M., Green and Rollins were riding Green's motorcycle in a westerly direction on Highway 61 just outside of Natchez. The highway was four-lane and ran in an East-West direction. Rollins was driving the motorcycle in the right lane of traffic and Green was seated directly behind him on the passenger's seat. They were traveling at approximately forty miles per hour. The defendant, Mrs. McLean, was driving her automobile in a westerly direction, too, but was in the left lane. She was accompanied in her car by her husband, mother and two children.
Green and Rollins testified that the defendant crossed the center line and collided with their motorcycle in the right lane. Mrs. McLean, on the other hand, stated that she never crossed the center line, but rather had turned on her left blinker with the intention of turning around at an intersection which was located about seventy yards from the point of impact. She contends that she neither saw nor heard the motorcycle until the two vehicles collided. The point of impact was the right rear fender of the defendant's car.
Following the accident, Green and Rollins were taken to Jefferson Davis Hospital in Natchez. Green received lacerations and burns to the face and a fractured knee which later required surgery. Rollins, who was knocked unconscious in the accident, received a laceration to his shoulder, which left a scar. Also, his ear was badly torn and required stitches.
Originally, each complainant filed a separate bill of complaint in the chancery court, but the cases were later consolidated. The defendant's motion to dismiss or in the alternative to transfer to circuit court was overruled and the case was tried in the Chancery Court of Adams County. The *1314 defendant has appealed the order of the lower court, which awarded both complainants damages, and has made three assignments of error:
1. The chancellor erred in assuming jurisdiction of and in failing to transfer the cause to the Circuit Court of Adams County;
2. The chancellor's findings of fact were against the overwhelming weight of the evidence;
3. The amount of the respective judgments were so excessive as to evince bias, passion and prejudice on the part of the chancellor.
The chancellor assumed jurisdiction of this cause pursuant to Mississippi Constitution, Section 159(d) (1890), which provides:
The chancery court shall have full jurisdiction in the following matters and cases, viz: ... (d) Minor's business ...
While it is true that both complainants were minors, this case neither involved nor required any equitable relief. An analysis of the case law concerning Section 159(d), clearly shows that the jurisdiction of the chancery court over minors is limited to matters involving equitable relief. The action at bar arises from a tort claim, and we have made it clear previously that courts of equity should not assume jurisdiction over claims for personal injury. Evans v. Progressive Casualty Insurance Company, 300 So.2d 149 (Miss. 1974); 30 C.J.S. Equity § 28 (1965). One reason for such a rule is that historically tort claims have been tried by jury. In chancery court, with some few statutory exceptions, the right to a jury is purely within the discretion of the chancellor, and if one is empaneled, its findings are totally advisory. Our constitution, Mississippi Constitution, § 31 (1890), provides that the right to trial by jury shall remain inviolate, but in this case, the chancellor's assumption of jurisdiction of this common law action has deprived the defendant of this right. Although we hold that the chancellor was in error, Mississippi Constitution, § 147 (1890) prevents reversal solely on the ground of want of jurisdiction. That section provides:
No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction, but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.
See also, Mathews v. Thompson, 231 Miss. 258, 95 So.2d 438 (1957); Boyett v. Boyett, 152 Miss. 201, 119 So. 299 (1928); Talbot & Higgins Lbr. Co. v. McLeod Lbr. Co., 147 Miss. 186, 113 So. 433 (1927); Hancock v. Dodge, 85 Miss. 228, 37 So. 711 (1905) and Cazeneuve, et al. v. Curell, 70 Miss. 521, 13 So. 32 (1893).
In Talbot & Higgins Lbr. Co. v. McLeod Lbr. Co., supra, we held that where the chancellor erroneously assumed jurisdiction of a common law action, the right to trial by jury had been taken away. However, we also held that § 147 was just as much a part of our Constitution as § 31, and, therefore, they must be construed together. In doing this, the net result is that trial by jury shall remain inviolate except in cases where the chancellor's erroneous assumption of jurisdiction is the only error in the proceeding.
Despite the mandate of § 147, we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to trial by jury remains inviolate. But absent other error, we cannot reverse.
The next assignment concerns the chancellor's finding on liability. The defendant contends the finding that she crossed the center line and struck the motorcycle is against the overwhelming *1315 weight of the evidence and manifestly wrong. With this, we cannot agree. The evidence presented at the trial was, at best, conflicting. The complainants both testified that Mrs. McLean crossed over into their lane and they could not swerve to the right quickly enough to escape the collision. The defendant and her husband both stated that her car never crossed the center line and that neither of them even saw the motorcycle until after impact. The investigating officer, Bates, testified that some chrome and other debris was found at or near the center line and that there were skid marks in the left lane. He further stated that Rollins told him after the accident, "I saw a foxy woman and I looked up and there was a yellow wall." This evidence is certainly not conclusive on the issue of fault, but rather is evidence properly before the chancellor, as the trier of fact, to give it as much weight as he deemed worthy. It is well settled that where the evidence is conflicting and gives rise to more than one interpretation, this Court will not reverse the chancellor's findings unless manifestly wrong. See Hall v. State, 247 Miss. 896, 157 So.2d 781 (1963); U.S. Fidelity & Guaranty Co. v. State, 211 Miss. 864, 53 So.2d 11 (1951); Ryals v. Douglas, 205 Miss. 695, 39 So.2d 311 (1949); Henry v. Gulf, Mobile & O.R. Co., 202 Miss. 669, 32 So.2d 199 (1947); and Pierce v. Ford, 199 Miss. 168, 24 So.2d 342 (1946). Based upon the evidence presented in the record before us, we think there was sufficient evidence to sustain the chancellor's findings and therefore we find no error.
Defendant's final contention is that the respective judgments are so excessive as to evince bias, passion and prejudice on the part of the chancellor. Kenneth Green spent approximately two weeks in the hospital and visited his physician for several other checkups. His hospital bill totaled approximately $1,713.50 and his physician testified that Green suffered a 25% permanent partial disability to his right knee. In addition, he received lacerations and burns to his face. For these injuries, he received a Ten Thousand ($10,000) Dollar judgment.
Lawrence Rollins was knocked unconscious when the car and motorcycle collided and suffered a badly torn ear, which required stitches. He also received lacerations to his face and shoulder, which left a scar. Testimony further showed that he has been and still is incurring headaches and that he suffered pain in his ankle for several days following the accident. Based upon this evidence, Rollins was awarded a judgment for Three Thousand One Hundred Eighty-four ($3,184.00) Dollars.
It is always difficult to determine whether the sum awarded is either inadequate or excessive. We have stated that there is no fixed rule which one may use as a guideline and that it is largely within the discretion of the trier of fact, subject, of course, to our review. Kinnard v. Martin, 223 So.2d 300 (Miss. 1969).
It is our opinion that there was sufficient evidence to sustain the amount of the respective judgments and based upon the testimony presented, we cannot say that they were the product of bias, prejudice or passion.
Finding no error, other than the erroneous assumption of jurisdiction by the chancellor, the decrees of the lower court must be and are hereby affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.