400 So.2d 1214 (1981)
William R. ROBERTSON, a minor,
v.
Joan Marie EVANS.
Misc. No. 1189.
Supreme Court of Mississippi.
July 22, 1981.
Rehearing Denied September 2, 1981.
Jerry O. Terry, Greaves, Terry & Sheely, Gulfport, for appellant.
A.M. Murphy, Lucedale, C.R. McRae, Pascagoula, for appellee.

*1215 ON PETITION FOR APPEAL FROM INTERLOCUTORY DECREE
ROBERTSON, Presiding Justice, for the Court:
Joan Marie Evans has petitioned this Court for an appeal from an Interlocutory Decree of the Chancery Court of George County overruling her motion to dismiss for lack of jurisdiction, or alternatively, to transfer to the Circuit Court of George County a tort action for damages filed on behalf of William R. Robertson, a minor, by his Guardian. This suit arises out of an intersectional collision between the motorcycle driven by the 14-year-old minor and the automobile driven by Defendant Evans.
Mississippi Constitution Article 3, Section 31 (1890), provides:
"The right of trial by jury shall remain inviolate...."
In McLean v. Green, 352 So.2d 1312 (Miss. 1977), this Court said:
"The action at bar arises from a tort claim, and we have made it clear previously that courts of equity should not assume jurisdiction over claims for personal injury. Evans v. Progressive Casualty Insurance Company, 300 So.2d 149 (Miss. 1974); 30 C.J.S. Equity § 28 (1965). One reason for such a rule is that historically tort claims have been tried by jury.
* * * * * *
Despite the mandate of § 147, we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to trial by jury remains inviolate." (352 So.2d at 1314).
Unlike McLean v. Green, supra, where a tort action proceeded to judgment in chancery court and the defendant was denied a trial by jury vouchsafed to her by the Mississippi Constitution, this question is raised on the threshold in the case at bar.
In view of this fact, even though we are denying the Petition for Interlocutory Appeal, we are of the opinion that the chancellor should transfer this cause of action to the proper circuit court and thus avoid a clear abuse of discretion on his part in proceeding to try a tort action and thus violate the constitutional provision that "the right of trial by jury shall remain inviolate." (Emphasis added). (Miss. Const. Art. 3, § 31 (1890)).
PETITION DENIED BUT CAUSE REMANDED WITH DIRECTIONS.
PATTERSON, C.J., and SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.