# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-IA-00781-SCT

*SOUTHERN LEISURE HOMES, INC.*

*v.*

*TOMMY HARDIN AND DONNA HARDIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/1998 |
| TRIAL JUDGE: | HON. WILLIAM L. GRIFFIN, JR. |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | LAWRENCE D. WADE |
| | R. BRITTAIN VIRDEN |
| ATTORNEY FOR APPELLEES: | WILLARD L. McILWAIN, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 6/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

¶1. On December 5, 1995, Tommy and Donna Hardin ("the Hardins") filed suit against Southern Leisure Homes, Inc. ("Southern") in the Chancery Court of Washington County. The Hardins' complaint alleged that Southern had unlawfully breached a contract to sell the Hardins a mobile home and that following this breach, Southern had improperly refused to return a $ 2,350.00 down payment which the Hardins had made. The complaint alleged that Southern had entered into the contract to sell the property to the Hardins with full knowledge that the property had already been contracted to be sold to another party and that "the actions of the Defendant were negligent and fraudulent for which both actual and punitive damages and attorney's fees should be awarded."

¶2. Southern responded with a motion to dismiss the Hardins' claim based on a lack of subject matter jurisdiction, or alternatively, to transfer the case to the Circuit Court of Washington County. Southern argued that the causes of action raised by the Hardins were legal rather than equitable in nature and that jurisdiction properly rested with the circuit court. The Chancellor denied these motions and set the case for trial in chancery court. Southern was granted an interlocutory appeal before this Court.

ISSUES

**I. Whether the Chancery Court of Washington County erred in denying Southern Leisure's motion to dismiss or, in the alternative, to transfer to the Circuit Court of Washington County since all claims of the parties, which include breach of contract, negligence and fraud, are legal in nature and do not implicate the limited jurisdiction of the chancery court.**

**II. Whether Southern Leisure was denied its right to trial by jury as a result of the chancery court's denial of the motion to dismiss/transfer.**

¶3. The present appeal centers around the issue of law as to whether the Chancellor properly refused to transfer the Hardins' lawsuit against Southern to circuit court, thus denying Southern a trial by jury. This Court concludes that the Hardins' lawsuit against Southern was legal, rather than equitable, in nature and that the Chancellor did in fact err in refusing to transfer the case to circuit court.

¶4. The Mississippi Constitution of 1890 limits the jurisdiction of chancery court to certain specified areas. Specifically, Article 6, § 159 of the Mississippi Constitution provides that:

> The chancery court shall have full jurisdiction in the following matters and cases, viz.:
>
> (a) All matters in equity;
>
> (b) Divorce and alimony;
>
> (c) Matters testamentary and of administration;
>
> (d) Minor's business;
>
> (e) Cases of idiocy, lunacy, and persons of unsound mind;
>
> (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

Article 6, § 162 of the Mississippi Constitution further provides that "[a]ll causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court."

¶5. As noted above, the chancery court's jurisdiction is limited to certain specified areas, and the only area which Hardin even attempts to argue as being applicable to the present case is the "all matters in equity" category. The Hardins note that their complaint alleges, in part, that Southern committed fraudulent acts. The Hardins argue in their brief that:

> [j]urisdiction of a court of equity to relieve against fraud as it relates to contracts is clear. *Van Norman v. Van Norman*, 205 Miss. 114, 38 So.2d 452 (Miss. 1949). ... As to the attempt of Southern Leisure Homes, Inc. to enforce a forfeiture of the Plaintiffs' $ 2,000, this Court has ruled that this is an equitable issue and comes under the jurisdiction of the Chancery Court. *Eckert v. Searcy*, 114 Miss. 150 (Miss. 1917).

We find the Hardins' argument unpersuasive. Although acts of fraud may give rise to actions in equity, it is apparent that the Hardins seek a legal, rather than an equitable remedy in the present case. Specifically, the

Hardins' complaint seeks $10,000.00 in actual damages and $100,000.00 in punitive damages, and this remedy is clearly legal rather than equitable in nature.

¶6. It should be noted that the chancery courts of this State have the discretion to award legal and even punitive damages as long as the chancery court's jurisdiction has attached. See *Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454 (Miss. 1983). We nevertheless conclude, however, that the present case is essentially a breach of contract claim which is best heard in circuit court. This Court has indicated that, in cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court. This Court stated in *McDonald's Corp. v. Robinson Indus., Inc.*, 592 So.2d 927, 934 (Miss. 1991), for example, that "[i]t is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction."

¶7. This Court considers the present lawsuit to be clearly legal in nature, but, even assuming that some doubt existed in this regard, it is apparent that this doubt should be resolved in favor of Southern's position. The Mississippi Constitution, Article 3, § 31 provides in part that the "right of trial by jury shall remain inviolate" and it is apparent that Southern's right to a jury trial would be infringed upon if this case were heard in chancery court. In *Lousiville & Nashville R.R. v. Hasty*, 360 So.2d 925, 927 (Miss. 1978), this Court noted that in "(c)hancery court, with some few statutory exceptions, the right to jury is purely within the discretion of the chancellor, and if one is empaneled, its findings are totally advisory." (quoting *McLean v. Green*, 352 So.2d 1312, 1314 (Miss. 1977)).

¶8. Finally, it is apparent that Southern has followed the correct procedure in bringing this jurisdictional issue before this Court on interlocutory appeal. The Mississippi Constitution would prohibit Southern from gaining a reversal on this jurisdictional issue following a trial on the merits. Specifically, Article 6, § 147 provides that:

> No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.

Given that Southern has raised this issue on interlocutory appeal, however, this Court is faced with no judgment of the Chancery Court, and the provisions of Article 6, § 147 accordingly do not serve to bar the present appeal. See *Robertson v. Evans*, 400 So.2d 1214 (Miss. 1981); *McLean v. Green*, 352 So.2d 1312 (Miss. 1977).

¶9. The trial court's ruling is accordingly reversed, and we remand this case to the Chancery Court of Washington County with directions that it shall promptly transfer this case to the Circuit Court of Washington County.

¶10. **REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**