## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-IA-01838-SCT

*BENSON BURNETTE AND LOUISE BURNETTE*

*v.*

*HARTFORD UNDERWRITERS INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/04/1999 |
| TRIAL JUDGE: | HON. JON M. BARNWELL |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | WILLIAM C. WALKER, JR. |
| | JERRY P. 'JAY' HUGHES, JR. |
| ATTORNEY FOR APPELLEE: | JOSEPH C. GIBBS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 11/02/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/27/2000 |

**BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This interlocutory appeal arises from the Chancery Court of Tunica County, which on October 22, 1999, denied Benson and Louise Burnette's motion to reconsider the denial of their motion to transfer this breach of contract action to circuit court. The Burnettes assign as error the following issue:

> **DID THE CHANCELLOR ERR IN REFUSING TO TRANSFER THIS MATTER TO THE CIRCUIT COURT IN LIGHT OF THIS COURT'S DECISION IN *SOUTHERN LEISURE HOMES, INC. V. TOMMY HARDIN AND DONNA HARDIN*, NO. 1998-IA-00781-SCT (JUNE 17, 1999)?**

## STATEMENT OF THE FACTS

¶2. On February 19, 1997, the Burnettes, through their original counsel, filed their complaint and this action against Hartford Underwriters Insurance Company (Hartford) alleging Hartford's bad faith breach of an insurance contract. The Burnettes sought declaratory relief and actual and punitive damages. Their original counsel filed a motion for permission to withdraw, which was granted on August 26, 1998. On October 30, 1998, the Burnettes' current counsel entered his appearance, submitted discovery responses, and filed the motion to transfer to circuit court. By order dated May 4, 1999, the chancellor, finding that the circuit court did not have exclusive jurisdiction of the matter and that the motion to transfer was not timely filed, denied

the Burnettes' motion to transfer to circuit court.

¶3. On June 17, 1999, we rendered our decision in *Southern Leisure Homes, Inc. v. Hardin*, 742 So. 2d 1088 (Miss. 1999). In *Southern Leisure* we considered on interlocutory appeal the question of chancery court versus circuit court jurisdiction in a breach of contract case. *Id.* Based on our decision in *Southern Leisure*, the Burnettes filed their motion to reconsider on June 25, 1999. The chancellor denied the motion to reconsider, but granted certification for interlocutory appeal. This Court granted this interlocutory appeal. *See* M.R.A.P. 5.

## STANDARD OF REVIEW

¶4. Jurisdiction is a question of law. *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So. 2d 1202, 1204-05 (Miss. 1998). This Court reviews questions of law de novo. *See Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000).

## ANALYSIS

### DID THE CHANCELLOR ERR IN REFUSING TO TRANSFER THIS MATTER TO THE CIRCUIT COURT IN LIGHT OF THIS COURT'S DECISION IN *SOUTHERN LEISURE HOMES, INC. V. TOMMY HARDIN AND DONNA HARDIN*, NO. 1998-IA-00781-SCT (JUNE 17, 1999)?

¶5. Article 6, § 162 of the Mississippi Constitution provides that "[a]ll causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." In challenging the right of the chancery court to entertain jurisdiction on the ground that the law court has sole jurisdiction, the litigant has the duty to move the court to transfer it. *Boyett v. Boyett*, 152 Miss. 201, 119 So. 299 (1928).

¶6. We held in *Southern Leisure* that a breach of contract claim is best heard in circuit court and that the remedy of punitive damages is clearly legal rather than equitable in nature. *Southern Leisure*, 742 So. 2d at 1090. Aided by this holding, the chancellor in the case sub judice acknowledged that the circuit court is the more appropriate forum for the subject matter of this action but, nevertheless, retained the case based on his insistence that the Burnettes' motion to transfer was not timely filed. In denying the Burnettes' motion to reconsider, the chancellor stated, "The [chancery] Court finds that the *Southern Leisure Homes, Inc.* decision speaks to the issue of a Chancery Court's exclusive jurisdiction in an action for breach of contract and punitive damages. . . ." (Presumably, the chancellor here intended "Circuit Court's exclusive jurisdiction" rather than "Chancery Court's. . . .") He added, however, that "the [chancery] Court's basis for its original order denying the Motion to Transfer as not being timely remains correct." Thus, the judge's decision appears to be based entirely on what he perceived to be the Burnettes' untimely filing. We find that the chancellor erred in his decision.

¶7. "It is an accurate statement of the law that a question of subject matter jurisdiction may be presented at any time. *See* Comment to Miss. R. Civ. P. 12(h)(3)." *Gale v. Thomas*, 759 So.2d 1150, 1159 (Miss. 1999). In *Crowe v. Smith*, 603 So. 2d 301, 308 (Miss. 1992), the appellee protested that the subject-matter jurisdiction issue appeared for the first time on appeal. We held that the argument carried no weight and stated, "[A] failure of subject-matter jurisdiction may be raised at any stage of a proceeding." *Id.*

¶8. The Burnettes have followed the correct procedure in bringing this subject-matter jurisdiction issue

before us on interlocutory appeal. *See* *Southern Leisure*, 742 So. 2d at 1091. While, indeed, the issue may be raised for the first time on appeal, this Court is prohibited by the Mississippi Constitution from reversing on this issue following a trial on the merits. *Id.* Article 6, § 147 provides that:

> No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.

If the litigant fails to raise the issue and if the court does not of its own volition make the transfer but, instead, entertains jurisdiction, the judgment will be upheld on appeal. *Boyett*, 152 Miss. at 201, 119 So. at 299. Since the Burnettes have raised the issue on interlocutory appeal, we are not faced with a final judgment of the chancery court, and the provisions of Article 6, § 147 do not serve to bar the present appeal. *See* *Southern Leisure*, 742 So. 2d at 1091; *Robertson v. Evans*, 400 So. 2d 1214 (Miss. 1981); *McLean v. Green*, 352 So. 2d 1312 (Miss. 1977).

¶9. Hartford argues that since the Burnettes, as the plaintiffs, originally elected the chancery court for the forum, they are now precluded from asserting the subject-matter jurisdiction issue. Hartford also asserts that the Burnettes' filing in chancery court waives their right to a jury trial. Hartford is mistaken.

¶10. Miss. R. Civ. P. 12(h)(3) allows either party to move the court for a transfer based on lack of subject-matter jurisdiction. The rule states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action or transfer the action to the court of proper jurisdiction." Miss. R. Civ. P. 12(h)(3). There is no merit to Hartford's assertion that the Burnettes, as plaintiffs, are barred from raising the jurisdiction issue.

¶11. Further, Hartford's assertion that the Burnettes have waived their right to a jury trial is without merit. According to Miss. R. Civ. P. 38(b), "Parties to an action may waive their rights to a jury trial by filing with the court a specific, written stipulation that the right has been waived and requesting that the action be tried by the court." The rule and its comment are silent as to any implied waiver derived from the plaintiff's electing the forum. Since the Burnettes have not filed a specific, written stipulation waiving their right to a jury, they have not waived that right. Therefore, we find that Hartford's argument is without merit.

¶12. Hartford directs this Court to the fact that the Burnettes were seeking declaratory relief when they filed their complaint in chancery court. Hartford argues that the chancery court has jurisdiction to render declaratory relief; thus, the circuit court does not have exclusive jurisdiction, and the action may properly remain before the chancery court. The Burnettes assert that the mere fact they originally sought declaratory relief does not change the nature of the case. We agree with the Burnettes.

¶13. The Burnettes appropriately direct us to the comment to Miss. R. Civ. P. 57 which states, "The jurisdiction of the courts is not expanded and requests for declaratory judgment may be heard only in cases that otherwise are within their jurisdiction." In *Tillotson v. Anders*, 551 So. 2d 212 (Miss. 1989), the appellee asserted that his prayer for declaratory judgment made his otherwise legal suit cognizable in chancery. We responded:

The short answer is that our law's authorization of the declaratory judgment procedure in Rule 57, Miss. R. Civ. P., is jurisdictionally neutral. Rule 57 empowers the trial court to grant a procedural remedy not thought available in our practice prior to January 1, 1982. That new remedy may be sought only in a court of otherwise competent jurisdiction. Indeed, nothing in the Mississippi Rules of Civil Procedure may be construed to extend or limit the subject-matter jurisdiction of our trial courts.

*Id.* at 214. The fact that the Burnettes were seeking declaratory relief does not affect the jurisdictional issue in this case.

¶14. We have indicated that, if some doubt exists as to whether a complaint is legal or equitable in nature, that case is better tried in circuit court. *Southern Leisure*, 742 So. 2d at 1090. In *McDonald's Corp. v. Robinson Indus., Inc.*, 592 So. 2d 927, 934 (Miss. 1991), we stated that "[i]t is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction."

¶15. We find that the present case is legal in nature. However, even if some doubt existed in this regard, that doubt would be resolved in favor of the Burnettes' position. Article 3, § 31 of the Mississippi Constitution provides that the "right of trial by jury shall remain inviolate." Clearly the Burnettes' right to a jury trial would be infringed upon if this case were heard in chancery court. In "[c]hancery court, with some few statutory exceptions, the right to jury is purely within the discretion of the chancellor, and if one is empaneled, its findings are totally advisory." *Louisville & Nashville R.R. v. Hasty*, 360 So.2d 925, 927 (Miss. 1978) (quoting *McLean v. Green*, 352 So. 2d 1312, 1314 (Miss. 1977)). This case must be transferred to circuit court so that the Burnettes' right to a jury trial will be effectively honored.

## CONCLUSION

¶16. For the foregoing reasons, the judgment of the Chancery Court of Tunica County is reversed. We remand this case to the Chancery Court of Tunica County with directions that it shall promptly transfer this case to the Circuit Court of Tunica County.

¶17. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**