COLEMAN, Justice,
dissenting:
¶ 36. On February 24, 2011, Ginger Germany filed a complaint in the Circuit *435 Court of Madison County, Mississippi, against her husband, Robert Germany, and her husband’s alleged paramour. She asserted the following counts for relief against her husband: (1) breach of contract; (2) fraud, deceit, and deception; (3) constructive trust and unjust enrichment; (4) conversion; (5) a request for an accounting; (6) intentional infliction of mental distress; (7) negligent infliction of emotional distress; and (8) a request for injunctive relief. Because I disagree with the majority’s universal relegation of Mrs. Germany’s claims to chancery court— where she will be deprived of her constitutional right to a jury trial simply because her estranged husband filed a later complaint for divorce — I respectfully dissent.
¶ 37. Pursuant to Article 3, Section 31 of the Mississippi Constitution, “The right of trial by jury shall remain inviolate....” Miss. Const, art. 3, § 31. Mrs. Germany’s complaint contains claims for relief that belong in circuit court, including those for breach of contract and the tort claims of intentional and negligent infliction of emotional distress. Southern Leisure Homes, Inc. v. Hardin, 742 So.2d 1088, 1090 (¶ 6) (Miss.1999) (breach of contract claim is “best heard in circuit court”); McLean v. Green, 352 So.2d 1312, 1314 (Miss.1977) (“courts of equity should not assume jurisdiction over claims for personal injury”). Because of the constitutional right to a jury trial, chancery courts should not be given jurisdiction over tort claims. McLean, 352 So.2d at 1314.
¶ 38. The instant case is not one such as Issaquena Warren Counties Land Co., LLC v. Warren County, 996 So.2d 747 (Miss.2008), where we justified chancery court jurisdiction — and the coinciding denial of a jury trial to a party that wanted one — because damages would be based on an ordinance, thereby obviating the need for a jury. Id. at 751 (¶ 11). If tried, Mrs. Germany’s claims for breach of contract and infliction of emotional distress will require a trier of fact to weigh evidence, make credibility determinations, and assess damages, if any. The Constitution is clear that Mrs. Germany has the right to have a jury make those determinations, and the right to a jury trial is infringed, i.e., violated, when cases that otherwise would be decided by a jury are heard in chancery court. Southern Leisure, 742 So.2d at 1090 (¶ 7). Even if there is some doubt as to the nature of Mrs. Germany’s claims, they belong in circuit court. As we often have written, “[I]t is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction.” Union Nat’l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1182 (¶ 24) (Miss.2004); Southern Leisure, 742 So.2d at 1090 (¶ 6); McDonald’s Corp. v. Robinson Indus., Inc., 592 So.2d 927, 934 (Miss.1991).
¶ 39. I remain unpersuaded by the majority’s reliance upon Article 6, Section 159 of the Mississippi Constitution, which places “full jurisdiction” of divorce proceedings and equitable matters in chancery court. After all — as the majority acknowledges — full jurisdiction does not equal exclusive jurisdiction. As noted above, circuit courts certainly may hear equitable claims. Also, neither Section 159 nor the statute upon which the majority relies, Mississippi Code Section 93-5-7, applies to Mrs. Germany’s complaint as her complaint was not one for divorce. Judicial economy is indeed served by having Mrs. Germany’s claims adjudicated in the same forum as Mr. Germany’s, and it is a noble goal. However, if the bill comes due and shows the price to be Mrs. Germany’s constitutional right to a jury trial, I believe we must decline the bargain.
*436 ¶ 40. When considering a facial attack alleging lack of jurisdiction, we must consider all allegations in the plaintiffs case to be true. Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 822 (¶ 15) (Miss.2009). Unfortunately, the majority appears to go through great pains to explain why Mrs. Germany’s allegations are untrue. To use her breach of contract claim as an example, Mrs. Germany alleges that she married Mr. Germany after the couple already had enjoyed a close, confidential relationship for eight years. Although the majority writes that the Germanys entered into the alleged contract during marriage (Maj. at ¶ 12), the complaint reads as follows:
Defendant Germany became precisely familiar with the nature and extent of [Mrs. Germany’s father’s] estate and Ginger’s entitlements as an heir at law. Robert G. Germany acted as Ginger’s attorney during the conservatorship proceedings. Dr. Murphree’s estate was liquidated and dispersed to Ginger and her two sisters. Ginger Murphree Germany received substantial wealth upon the disbursement of the estate and entrusted the management of said money to Defendant Germany with the agreement and trust that Defendant Germany would assist the Plaintiff in financial investment matters and particularly the purchase of real estate. This course of conduct was carried out for several years prior to the marriage of Plaintiff and Defendant Germany and continued subsequent to the marriage....
(Emphasis added.) If Mrs. Germany’s claim for breach of contract is not a viable claim for breach of contract, our rules of procedure contain vehicles, e.g., Rules of Civil Procedure 12(b)(6) and 56, for their dismissal. However, as shown above, if it is a claim for breach of contract she has a constitutional right to a jury trial. Based on the allegations of her complaint, which we are bound to accept as true, I believe she has stated viable claims as to which she has a constitutional right to a jury trial.
¶ 41. Just as the public policy favoring a plaintiffs right to choose the forum does not outweigh the constitutional right to a jury trial, Crosby, 870 So.2d at 1182 (¶ 22), I do not believe the policy consideration of judicial economy outweighs Mrs. Germany’s right to a jury trial. In my opinion, the circuit court has sole jurisdiction over Mrs. Germany’s breach of contract and tort claims and shares concurrent jurisdiction over her claims for equitable relief. Because the circuit court first obtained jurisdiction, it “retains jurisdiction over the whole controversy to the exclusion or abatement” of Mr. Germany’s lawsuit. Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A., 804 So.2d 1000, 1006 (¶ 15) (Miss.2001). Accordingly, I dissent.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.