JAMES, J.,
concurring in part and dissenting in part:
¶ 11. I agree with the majority’s opinion that Kuljis’s complaint appears to be a negligence claim that should have been brought in circuit court instead of chancery court. However, I agree with the dissent’s opinion that a Bill/Complaint for Discovery remains a viable cause of action within the jurisdiction of the chancery court. As a result, I would find that the more proper course would have been for the chancery court to transfer the case to circuit court rather than dismissing the case. Upon transfer, Kuljis would then proceed under Mississippi Code Annotated section 11-1-39 (Rev.2014) by filing a reformed complaint in circuit court, and the case would proceed as if it had originally begun in circuit court.
¶ 12. Article 6, Section 162 of the Mississippi Constitution provides that “[a]ll causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court.” The Mississippi Supreme Court has held that “[i]f any doubts were to arise as to the jurisdiction of the chancery court, those doubts should be decided in favor of transfer to circuit court for a trial by jury.” U.S. Fid. & Guar. Co. v. Estate of Francis ex rel. Francis, 825 So.2d 38, 45 (¶ 19) (Miss.2002) (citing S. Leisure Homes, Inc. v. Hardin, 742 So.2d 1088, 1089-90 (¶ 3) (Miss.1999)). When the chancery court determined that this case was a negligence claim that should have been filed in circuit court, it should have transferred the case to circuit court rather than dismissing the case. For these reasons, I would remand to the chancery court with instructions to transfer the case to circuit court.