# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-00568-SCT

*RIVERHILLS CAPITAL CORPORATION AND
THE ESTATE OF HERBERT STATHES*

*v.*

*AT HOME CARE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2022 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| TRIAL COURT ATTORNEYS: | LARRY STAMPS |
| | ROBERT BINNION ANDREWS |
| | EMERSON BARNEY ROBINSON, III |
| | JEFFREY LEE OAKES |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | EMERSON BARNEY ROBINSON, III |
| | JEFFREY LEE OAKES |
| | JOHN A. CRAWFORD, JR. |
| | ROBERT BINNION ANDREWS |
| ATTORNEYS FOR APPELLEE: | LARRY STAMPS |
| | ANITA M. STAMPS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 11/16/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     At Home Care filed suit in circuit court against RiverHills Capital Corporation and others for breach of contract, fraud, and for quiet title surrounding a lease on real property that At Home Care purchased.  RiverHills Capital Corporation filed a motion to transfer the case to chancery court, alleging that the chancery court has subject-matter jurisdiction

because, in essence, At Home Care cannot succeed on the merits of its legal claims. The circuit court denied its motion. Because the circuit court did not err by denying the motion to transfer, this Court affirms and remands the case to the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. In March 2018, At Home Care (AHC) and the now-dissolved Hill City Oil Company, which was owned by Herbert Stathes, now deceased,[1] entered into a contract for AHC to purchase two tracts of real property from Hill City Oil. On March 20, 2018, Hill City Oil and Stathes entered into a fifteen-year lease with RiverHills Bank for RiverHills Bank to have an ATM on the same property that was being sold to AHC. The warranty deed between Hill City Oil and AHC was signed on April 19, 2018, and it provided that the warranty deed was subject to all leases of record on the property.

¶3. AHC filed suit against RiverHills Bank in 2019, but it voluntarily dismissed that suit. In September 2021, AHC filed a complaint against Stathes and "RiverHills Capital Corporation, D/B/A RiverHills Bank" in the Circuit Court of Claiborne County. Upon learning that Stathes had died, AHC filed an amended complaint in January 2022 substituting Stathes's estate for him. RiverHills Capital Corporation (RHCC) is a bank holding company that wholly owns RiverHills Bank, and they share a CEO. The complaint and amended complaint refer to them collectively as RiverHills Bank. The amended complaint alleges the following claims and requests the following remedies:

---

[1]This opinion will generally refer to Stathes and Stathes's estate collectively as "Stathes."

2

- Breach of contract against RiverHills Bank: AHC alleges that RiverHills Bank breached the lease by failure to pay rent and requests as damages the full amount of rent due under the entire term of the lease in the amount of $55,235, termination of the lease, and economic damages for depreciated property value and loss of future income.

- Breach of good faith and fair dealing against RiverHills Bank: AHC alleges that RiverHills Bank owed AHC a duty of good faith and fair dealing through the assignment of the lease to AHC and that it breached that duty by failing to comply with the lease.

- Conspiracy to commit fraud against Stathes and RiverHills Bank: AHC alleges that RiverHills Bank made false statements about having knowledge of the sale of the property and that RiverHills Bank and Stathes conspired to enter into the lease and knowingly failed to disclose the lease prior to closing. AHC requests money damages for depreciated property value and loss of future income.

- Breach of contract against Stathes: AHC alleges that Stathes breached the sale agreement by entering into the lease. AHC requests money damages for depreciated property value and loss of future income.

- Breach of good faith and fair dealing against Stathes: AHC alleges that Stathes breached his duty of good faith and fair dealing for the sales agreement by entering into the lease and by failing to inform AHC of the lease. AHC requests money damages for depreciated property value and loss of future income.

- Fraud against Stathes: AHC alleges that Stathes made false statements to AHC about whether he notified RiverHills Bank of the property sale and then wrongfully kept the rent paid by RiverHills Bank. AHC requests money damages for depreciated property value and loss of future income.

- Civil conspiracy to commit fraud against RiverHills Bank and Stathes: AHC alleges that RiverHills Bank and Stathes conspired to enter the lease and give Stathes the benefit of the lease. AHC requests money damages for depreciated property value and loss of future income.

- Remove cloud from title: AHC requests that the court remove cloud from the title of the property, rescind the lease, and remove the ATM from the property.

- Punitive damages: AHC requests punitive damages.

¶4. RHCC filed its answer on April 19, 2022. It raised numerous affirmative defenses, including lack of jurisdiction and an assertion that the chancery court had exclusive jurisdiction. Many of its other defenses touched on whether AHC has any viable claims against RHCC. RHCC then filed a motion to transfer the suit to Claiborne County Chancery Court. Stathes joined this motion. RHCC argued that the gravamen of the complaint was a title dispute, thus the circuit court lacked subject-matter jurisdiction over the complaint and must transfer the case to chancery court. AHC opposed the motion, and the circuit court held a hearing on the matter. The circuit court ultimately denied the motion to transfer. The circuit court found that "the substance of the Amended Complaint in this case is one of legal issues (i.e., breach of contract, breach of fair dealing, fraud, etc.)." It acknowledged that the removal of cloud from title is an equitable claim, but it noted that cases should not be split between courts upon each claim and that circuit courts as courts of general jurisdiction may hear equitable claims that are connected to legal claims.

¶5. RHCC filed a petition to appeal from an interlocutory order, which this Court granted. RHCC argues that this case is a real property title dispute that must be transferred to chancery court. Stathes joins RHCC's briefs.

## ANALYSIS

¶6. This Court reviews jurisdiction de novo, and it also reviews rulings on motions to transfer between chancery and circuit court based on subject-matter jurisdiction de novo. *Germany v. Germany*, 123 So. 3d 423, 427 (Miss. 2013). In determining which court has subject-matter jurisdiction, a court looks at the face of the complaint to ascertain the nature

4

of the controversy and the relief sought. *Id.* at 428. Courts look at the substance, not the form, of the claims to make a determination whether the claims are legal or equitable. *Id.* In other words, the "fundamental substance" of the claims trumps the claims language used in the complaint if the substance and language appear less than harmonious. *Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1151 (Miss. 2004).

¶7. Chancery courts have "full jurisdiction" over, in pertinent part, "[a]ll matters in equity" and "[a]ll cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation." Miss. Const. art. 6, § 159. Further,

> in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.

Miss. Const. art. 6, § 160. Circuit courts are courts of general jurisdiction. Miss. Const. art 6, § 156. Additionally, statutory law provides that parties desiring to remove cloud from a title for real estate "*may* file a bill in the chancery court[.]" Miss. Code Ann. § 11-17-31 (Rev. 2019) (emphasis added).

¶8. While Section 159 confers full jurisdiction over certain matters to chancery courts, it does not confer exclusive jurisdiction over all equity claims upon chancery courts. *Germany*, 123 So. 3d at 427. If equity jurisdiction exists, the chancery courts may decide legal claims under their pendent jurisdiction; likewise, circuit courts with proper subject-matter jurisdiction over legal matters have pendent jurisdiction over any attendant equitable claims.

5

*Derr Plantation, Inc. v. Swarek*, 14 So. 3d 711, 716 (Miss. 2019). "[I]f some doubt exists as to whether a complaint is legal or equitable in nature, that case is better tried in circuit court." *Copiah Med. Assocs. v. Miss. Baptist Health Sys.*, 898 So. 2d 656, 661 (Miss. 2005) (quoting *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948, 952 (Miss. 2000)). Because circuit courts are courts of general jurisdiction and chancery courts are courts of limited jurisdiction, it is preferable for circuit courts to hear equity claims than for chancery courts to hear legal claims. *Id.* This is especially true because the constitutional right to jury trial is preserved in circuit court. *ERA Franchise Sys., Inc. v. Mathis*, 931 So. 2d 1278, 1283 (Miss. 2006). Moreover, "[b]reach of contract cases are best heard in circuit court." *Id.*

¶9. RHCC argues that the substance of the complaint consists of removing a cloud from title, rescinding a real property lease, and ejectment, thus the entire suit belongs in chancery court. However, RHCC seems to conflate examining the *substance* of the complaint with examining the *merits* of the complaint. RHCC primarily argues that the substance of the complaint is equitable because it asserts that AHC has not asserted any *viable* legal claims against it. But whether the claims in the complaint have merit is not the proper analysis when determining subject-matter jurisdiction—rather, the *face* of the complaint must be examined to determine whether the claims are legal or equitable. RHCC may well prevail on a motion to dismiss or motion for summary judgment, but those arguments are irrelevant to a determination of its motion to transfer. The gist of RHCC's argument is that it is a separate legal entity from RiverHills Bank and did not have any contract with AHC; therefore, the

contract claims in the complaint should not be considered in determining jurisdiction. RHCC is the bank holding company for RiverHills Bank, and is its sole owner, with the two entities sharing a CEO. The circuit court did not conduct any analysis regarding the identities of RHCC and RiverHills Bank and their legal relationship or lack thereof. RHCC also maintains that AHC had an obligation to produce a contract and failed to do so. But it cites caselaw surrounding motions to dismiss for failure to state a claim and caselaw surrounding motions to transfer venue. It does not cite caselaw involving motions to transfer due to subject-matter jurisdiction that require examining merely the face of the complaint rather than the merits. Samples of RHCC's arguments include:

- "[T]he lease that is Exhibit B to both AHC's original and Amended Complaint is with non-party RiverHills Bank, *not* RHCC."

- "[W]hen RHCC moved to transfer venue and pointed out that AHC in fact has no contract with Herbert Stathes, HCO or the Stathes Estate, AHC failed to produce any such contract(s) to dispute this absence, despite its obligation to do so to substantiate its conclusory (and false) allegations in its pleadings. Further, even if proof of such a contract had been brought forward — *which it was not* — any covenants therein would have merged out of existence by the Warranty Deed that is Exhibit A to AHC's original and Amended Complaint."

- "[F]or purposes of the venue analysis, AHC has no lease or other contract with RHCC, HCO, Herbert Stathes or the Stathes Estate at all. Rather, AHC's sole contract at issue, (the lease), is with RiverHills Bank, which is not (and has never been) a party to *this suit*."

- The tort claims do not change the outcome "because all of AHC's causes of action are inextricably linked to underlying contractual relationships *that do not exist* – and AHC disregarded its (futile) opportunity to attempt to prove otherwise, by producing such a lease agreement, when its existence was challenged and directly in issue."

- AHC "[a]ttempts to buttress its improper venue choice by improperly pleading" contract and other claims that do not exist.

7

- "As repeatedly noted above, AHC has no breach of contact [sic] claim against RHCC, as RHCC is indisputably not a party to the lease at issue, (with non-party RiverHills Bank)."

- "AHC has no contract with Herbert Stathes, HCO or the Stathes Estate and thus no breach of contract claim against the Stathes Estate."

- "AHC has no breach of contact [sic] claims against RHCC or the Stathes Estate at all."

- "Here, the circuit court took 'as true the specific allegations made in the complaint that "there is a valid and enforceable contract."' . . . Yet we know '[t]his is not so' due to the exhibits attached to and incorporated into AHC's Amended Complaint."

- "[T]he only evidence before the circuit court demonstrates that this case solely concerns requests for equitable remedies against a nonparty to the lease at issue . . . ."

- "AHC continues to contend (without evidence) that its 'causes of action are primarily issues [sic] stemming from contractual obligations that were not met by the Defendants.'"

¶10. RHCC's arguments can essentially be broken down into two main contentions: 1) the lease attached to the complaint names RiverHills Bank, not RHCC, and is thus dispositive of the argument that RHCC and AHC do not have a contract; thus, all legal claims in the complaint must be ignored; and 2) AHC failed to produce the sales agreement contract, and even if it did, the warranty deed would supersede it; thus, all legal claims in the complaint must be ignored.

¶11. While RHCC is correct that the circuit court may look at the lease attached to the complaint in determining a motion to transfer because "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes[,]" it is incorrect that this

lease is somehow dispositive on the issue of the viability of the contract claim. Miss. R. Civ. P. 10(c). RiverHills Bank is a party to the lease. But whether the defendant being named "RiverHills Capital Corporation D/B/A RiverHills Bank" is incorrect or whether RHCC and Riverhills Bank are completely separate legal entities or may be considered as the same entity for some purposes are not issues that were placed squarely before the circuit court, nor were they decided by the circuit court. Thus, RHCC not being named in the lease does not necessarily foreclose the viability of a contract claim in the complaint. It may be true that RHCC would prevail on that issue if it was brought before the circuit court in another type of motion, and this Court takes no position on the ultimate outcome of any such issue, but that argument simply is not relevant to a motion to transfer for lack of subject-matter jurisdiction.

¶12. Furthermore, in arguing that AHC had an obligation to prove that a sales agreement existed at this stage of the proceedings, RHCC relies on inapposite caselaw regarding venue. Venue is a creature of statute. *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992). It involves geographic location and convenience, which necessarily involves some factual inquiry. *Id.* Because it involves some factual inquiry, the allegations of the complaint (the place the analysis begins) *may* be supplemented and contested by affidavits and other evidence. *Id.* Subject-matter jurisdiction, however, is a legal determination regarding whether a court has the power and authority to hear a case, and in this case is constitutional. *Singing River Mall Co. v. Mark Fields, Inc.*, 599 So. 2d 938, 941-42 (Miss. 1992) (quoting *Bullock v. Roadway Express, Inc.*, 548 So. 2d 1306, 1308 (Miss. 1989)).

9

Thus, it involves an analysis of the *nature* of the claims and remedies, not the facts of the occurrence. RHCC points to no caselaw that requires a plaintiff to produce extraneous factual evidence to support subject-matter jurisdiction when a motion to transfer between courts is filed. Further, RHCC's arguments regarding the notion that any sales contract merged into the warranty deed are overly general. While the merger doctrine is the general rule, exceptions exist, and some agreements made prior to a deed can create independent causes of action. ***Knight v. McCain***, 531 So. 2d 590, 594-97 (Miss. 1988). The circuit court did not analyze this issue and whether exceptions apply, nor is it an appropriate issue to address in a motion to transfer based on subject-matter jurisdiction.[2]

¶13. Thus, the bulk of RHCC's arguments are not relevant to the issue before the Court on interlocutory appeal. Rather, this Court must examine the fundamental nature of the complaint and determine whether it belongs in chancery or circuit court. AHC's amended complaint contains both legal and equitable claims, and requests both legal and equitable remedies. Most of its claims, including the fraud and breach of good faith and fair dealing claims, touch on whether alleged contracts were adhered to or breached by the defendants. As a direct remedy for these legal claims, AHC requests money damages. In ***Swarek***, the Court recognized that it had previously determined that many breach of contract cases belong in circuit court. ***Swarek***, 14 So. 3d at 717. In surveying the cases deemed appropriate for circuit court jurisdiction, the Court noted that "[e]ach of these cases involved a breach-of-

---

[2]Moreover, RHCC did not file a motion to sever the claims against it, and the Court must look at the amended complaint in its entirety. Splitting of claims is not only disfavored but is largely prohibited when claims and parties are properly joined. *See **Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.***, 965 So. 2d 652, 655-58 (Miss. 2007).

contract claim for which damages, a legal remedy, was the appropriate remedy." *Id.* It distinguished cases, such as cases against sellers in real estate sales contracts, in which specific performance is often the most appropriate remedy. *Id.* When the primary remedy for a breach of contract claim is specific performance, the chancery court is likely to be the most appropriate court for the claim. *Id.* at 717-18. Conversely, when specific performance is an inappropriate remedy for a breach of contract claim, the case is likely more appropriate for circuit court. *Copiah Med. Assocs.*, 898 So. 2d at 660-61. AHC does not request specific performance, and, indeed, specific performance of any sales contract would most likely not be an available remedy against Stathes given that the sale of land was completed. Rather, AHC requests money damages to make it whole from any alleged breach. Furthermore, AHC does not request specific performance of the lease by RiverHills Bank, and specific performance is a particularly inappropriate remedy for a lease contract when it would require court monitoring during the period of the lease. *Id.* Instead, AHC requests money damages and the enforcement of the lease's default provisions. Certainly, AHC also requests that the court clear its title to the property and eject the ATM, a claim and remedy that, were they the sole claim and remedy, would belong in chancery court. But the bulk of AHC's claims and available remedies are legal and stem from alleged misdeeds surrounding two contracts. Close cases of jurisdiction default to circuit court, and breach of contract cases are usually more appropriately heard in circuit court. *Mathis*, 931 So. 2d at 1283. Looking at all claims on the face of the complaint as a whole, the nature of the controversy is primarily legal in nature and belongs in circuit court. Even if the nature of the controversy

11

is a close call in this case, the default jurisdiction falls to circuit court, a court of general jurisdiction. The circuit court did not err by denying RHCC's motion to transfer, and this Court consequently affirms.

¶14. We emphasize that our affirming on this issue has absolutely no bearing on the merits of RHCC's other defenses. RHCC is free to pursue their claims on the merits with the arguments it makes here, and this Court takes no position with regard to those arguments; those arguments simply have no relevance to the issue at hand.

## CONCLUSION

¶15. Because the nature of the complaint in this case alleges primarily legal claims and remedies, and because in close cases, jurisdiction defaults to circuit courts, the circuit court did not err by denying RHCC's motion to transfer the case to chancery court. This Court affirms the circuit court's denial of RHCC's motion to transfer and remands the case to the circuit court.

¶16. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J, KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**